(No. 37010

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES KONTOPOULOS, Plaintiff in Error.

*Opinion filed November 30, 1962.*

ROBERT J. MCDONNELL and HARVEY J. POWERS, of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and RUDOLPH L. JANEGA and JAMES R. THOMPSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The defendant entered a plea of guilty in the criminal court of Cook County to an indictment charging him with reckless homicide. We have issued a writ of error to review the judgment of conviction.

The sole contention advanced by the defendant is that the court did not properly admonish him of the consequences of his plea of guilty. The record discloses that on arraignment, the defendant, who was represented by counsel of his own choice, entered a plea of not guilty. After about 5 months during which there were several continuances, preliminary motions, and a change of venue, the defendant advised the court that he wished to change his plea from not guilty to guilty. The court then admonished the defendant as follows:

"The Court: Mr. James Kontopoulos, you understand that when you plead guilty to a charge of reckless homicide, the court may sentence you to a term in the pententiary from 1 to 5 years. You understand that is the penalty provided by the Legislature?

The Defendant: Yes.

The Court: Notwithstanding that knowledge you still desire to plead guilty?

The Defendant: Yes sir.

The Court: All right, I take it you are pleading guilty in this cause because you are in fact guilty?

The Defendant: Yes sir.

The Court: Is that right?

The Defendant: Yes sir.

The Court: Very well, let the plea be accepted and enter judgment upon the plea."

The court then sentenced the defendant to the penitentiary for a term of not less than 1 nor more than 5 years.

The defendant contends that this admonishment was insufficient to comply with the standard set forth by statute, (Ill. Rev. Stat. 1959, chap. 38, par. 732,) and by Rule 26(3) of this court. Specifically, it is contended that the defendant

was not advised of all the possible sentences that could be imposed. The statute provides that reckless homicide is punishable by a fine of not less than $100 nor more than $1000, or by imprisonment in the county jail for a determinate period of not less than 60 days nor more than 6 months, or by both such fine and such imprisonment, or by imprisonment in the penitentiary for an indeterminate period of not less than 1 year nor more than 5 years. (Ill. Rev. Stat. 1959, chap. 38, sec. 364(a).) The admonishment of the court told the defendant that he could be punished by imprisonment in the penitentiary and did not advise him of the lesser penalties of a fine or imprisonment in the county jail.

The admonishment of the court must be read in a practical and realistic manner. (*People* v. *Doyle,* 20 Ill.2d 163.) The object of the admonishment is to inform the defendant of the consequences of his plea of guilty and to give him the right to withdraw his plea of guilty if, after hearing the consequences, he desires to be tried by a jury. (*People* v. *Wilke,* 390 Ill. 598.) In our opinion this object was fully accomplished when the court advised the defendant of the maximum penalty which could be imposed. Even in the absence of authority, reason compels the conclusion that a defendant who voluntarily enters a plea of guilty after being advised of the maximum punishment would have no reason to change his plea had he been advised that the punishment could be less severe. However, the situation presented here is not without precedent. In *People* v. *Marshall,* 23 Ill.2d 216, the indictment contained two counts, one being for armed robbery and the other for robbery. The penalty for armed robbery is not less than 1 year nor more than life imprisonment, and the penalty for robbery is not less than 1 year nor more than 20 years imprisonment. In admonishing the defendant in that case, the court told the defendant that he was charged with robbery and that the penalty could be from 1 year to life. The sentence actually imposed was

a term of not less than 25 years nor more than 50 years. We held that the defendant could not be prejudiced by this statement since the indictment was sufficiently identified and the defendant was advised of the maximum penalty under the indictment. In our opinion the *Marshall* case is decisive of the defendant's contention here.

The defendant also complains that the court did not tell him that there would be no hearing or witnesses called and that he would not have a right to a jury trial. In *People* v. *Outten,* 22 Ill.2d 146, we held that it is obvious that by pleading guilty a defendant foregoes his right to a trial of any kind and that therefore it is not necessary to specifically advise a defendant of his right to trial by jury when he enters a plea of guilty.

The defendant here also argues that he did not understand that he would be sentenced to an indeterminate sentence but thought that he would receive either a 1-year or a 5-year definite sentence. This contention is similar to one advanced by the defendant in *Outten* who said that he did not understand the meaning of the words "Maximum," "Minimum," and "Indeterminate." We held that his argument was without foundation, since an admonishment is sufficient if it would be understood by an ordinary person in the circumstances of the accused. Moreover, in the present case it is impossible to see how the defendant could have been prejudiced even if we accept his statement that he misunderstood the court's admonishment. According to the defendant, he understood that he might receive a 1-year sentence or a 5-year sentence. If he entered his plea of guilty under the assumption that it was possible that he would be sentenced to a definite term of 5 years, he would surely have entered the same plea if he knew that the sentence would be an indeterminate one, for a 5-year definite sentence is more severe than an indeterminate sentence of 1 to 5 years.

We are satisfied from a review of the record in this case that the admonishment of the court sufficiently complied

with the statute and that the defendant's rights were not prejudiced.

The judgment of the criminal court of Cook County is therefore affirmed.