**People of the State of Illinois, Plaintiff-Appellee, v. Tomares Carter, Defendant-Appellant.**

**Gen. No. 52,171.**

First District, Fourth Division.

February 14, 1968.

George L. Plumb, of Chicago, for appellant.

No attorney for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

CRIME CHARGED
Murder.

JUDGMENT
On April 22, 1966, upon a plea of guilty, the trial court imposed a sentence of 14 to 20 years.

PROCEEDINGS ON APPEAL

On April 20, 1967, this court allowed defendant's petition to file a late Notice of Appeal * and gave him leave to proceed as a poor person. We also appointed counsel to represent defendant on appeal and extended the time for filing record, abstracts and briefs. The record was filed in due course, the trial court having previously directed that it be prepared without cost to defendant. There was no need for a report of proceedings in this case since verbatim reports of the proceedings at arraignment, at the entry of defendant's guilty plea, and at the hearing on aggravation and mitigation were made parts of the common law record (pursuant to Rule 608(a)).

On November 10, 1967, the attorney appointed to represent defendant filed a petition for leave to withdraw from the case, on the ground that he was unable to find any legal points which were arguable on their merits. He also filed a brief in support of the petition in which he apparently sought to comply with the requirements of Anders v. California, 386 US 738.

This brief, which had obviously been prepared with professional skill and which demonstrated a conscientious examination of the record, set forth four points as the only ones occurring to defense counsel which he thought might arguably support the appeal. While the brief went into considerable detail as to each point, we shall mention them only in outline:

> 1. The trial court did not properly admonish defendant as to the significance and consequences of his act in entering a plea of guilty. The record, however, establishes beyond question that the court's advice to defendant was more than adequate. Ill

---

* Pursuant to current Supreme Court Rule 606, the court's order of November 28, 1966, adopting the current rules, and former Rule 27(7)(b).

Rev Stats (1965), c 38, § 115–2(a)(2); People v. Fitzgerald, 91 Ill App2d 191, 234 NE2d 79.

2. The court erred in not permitting defendant's privately retained counsel to withdraw and in not appointing another attorney in his stead. The record shows, however, that both court and counsel gave defendant repeated opportunities to make request for such a substitution, but that he persistently declined to do so.

3. The court erred in not ordering a sanity hearing to determine defendant's competency to stand trial. There are, however, no facts disclosed by the record which would raise any doubt as to defendant's sanity, so the court was under no obligation to conduct such a hearing. People v. Cleggett, 22 Ill2d 471, 177 NE2d 187.

4. The record does not support a conviction for murder, but only for manslaughter, or some lesser charge. What the record does show is that defendant, in his own proper person and by his counsel, stipulated that the facts set forth in the indictment were "true and correct and sufficient to support the charge of murder." Beyond that, the witnesses for the State were present in court and prepared to testify. The State's Attorney recited to the court what each of these witnesses would say if called to testify, and this outline of facts showed defendant to have been guilty of murder beyond any doubt whatsoever. (After a quarrel with his "common-law wife," he had placed a rifle to her ear and pulled the trigger, and this, under circumstances which completely ruled out either provocation or self-defense.) See People v. Johnson, 54 Ill App2d 27, 203 NE2d 283, as to the necessary elements of manslaughter.

On November 10, 1967, copies of his attorney's motion and brief were served by mail upon defendant in the penitentiary, and thereafter he was notified by this court

122

that he might have until January 8, 1968, to raise any points he might choose in support of his appeal. He filed on January 5 a document in which he reiterated some of the points presented in his attorney's brief, and in addition made the following points:

(1) A pretrial conference was held among the court, the State's Attorney, and defendant's attorney, at which defendant was not present and at which evidence was heard concerning defendant's guilt. The conference apparently involved an attempt to ascertain whether the case would proceed to a jury trial or might be disposed of on a plea of guilty. There is no reason to believe that any evidence was heard, nor does the record indicate that anything transpired which would have required or authorized the presence of defendant. Thereafter, defendant's attorney advised him that he would probably receive a sentence of 14 to 20 years on a guilty plea, which would be less than he might receive after a trial.

The point thus raised by inference was answered, adversely to defendant's contention, in People v. Darrah, 33 Ill2d 175, 210 NE2d 478.

(2) Defendant's attorney did not provide him with adequate representation.

■ Defendant will not be heard to make this contention in regard to privately retained counsel, in the absence of a showing of extraordinary incompetence which is completely lacking in this record. People v. Morris, 3 Ill2d 437, 444, 121 NE2d 810; People v. Underhill, 38 Ill2d 245, 254, 230 NE2d 837.

■ (3) The indictment was defective since it alleged only the date and county of the crime and did not state with sufficient particularity the time and place of the alleged offense.

This contention is also without merit. See People v. Petropoulos, 59 Ill App2d 298, 208 NE2d 323, affirmed 34 Ill2d 179, 214 NE2d 765; and People v. Blanchett, 33 Ill2d 527, 212 NE2d 97.

■ (4) The circumstances of the case require reduction of sentence as well as charge. Reduction of defendant's sentence on the facts of this case is not an arguable point. People v. Taylor, 33 Ill2d 417, 424, 211 NE2d 673. Furthermore, the sentence is within the penalty range of manslaughter, to which offense defendant seeks to have the charge reduced. (Ill Rev Stats (1965), c 38, § 9–2 (c).) It may be noted also that defendant's prior record included a conviction for larceny committed while he was on probation under a burglary conviction. He was thereupon sentenced to serve a term in the penitentiary for the burglary.

In addition to studying the briefs filed by defendant and his attorney, we have made "a full examination of all the proceedings" in accordance with the dictates of Anders, supra. We conclude that the legal points raised are not "arguable on their merits," and that the appeal is "wholly frivolous." Defendant's attorney is therefore given leave to withdraw, and the judgment of conviction is affirmed.

Affirmed.

McCORMICK, P. J. and DRUCKER, J., concur.