People of the State of Illinois, Plaintiff-Appellee, v. George E. Ferris, Otherwise Called Patrick J. Keller, Defendant-Appellant.

Gen. No. 52,825.

First District, First Division.

October 6, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago, for appellee.

MR. PRESIDING JUSTICE ADESKO delivered the opinion of the court.

The defendant was charged with the offense of theft of property exceeding $150 in value. The Public Defender was appointed to represent him and entered a plea of not guilty. Subsequently the defendant, through his attorney, informed the court that he wished to change his plea of "not guilty" to "guilty." Defense counsel advised the court that he had discussed the entry of the plea of guilty with the defendant on two occasions prior to coming before the court.

The trial court then advised the defendant that on a plea of guilty he was waiving his right to a trial by jury

and that he could be sentenced to the penitentiary for a term of one to ten years. The judge then asked the defendant if he understood and after the defendant answered that he did the judge asked if he still persisted in his plea of guilty. The defendant again answered that he did.

The court entered judgment on the plea and conducted a hearing on aggravation and mitigation. Defendant was sentenced to serve a term of one to three years in the penitentiary. Subsequently, the defendant filed a notice of appeal as to this conviction and the Public Defender continued to represent him.

After filing the record on appeal the Public Defender moved to withdraw as attorney and after a careful examination of the record he concluded that the appeal would be without merit and could not be successful. The Public Defender's brief in support of the motion to withdraw concluded that the only possible error that could be urged would be the sufficiency of the trial court's admonishment to the defendant of the consequences of his plea of guilty. The record indicates that the trial court "informed the defendant of the consequences of his plea and of the maximum penalty provided by law which may be imposed upon acceptance of such plea." Ill Rev Stats, c 38, § 115–2 and c 110, § 101.26 (3), Supreme Court Rule 26 (3) (1965), now Rule 401 (b) ; People v. Kontopoulos, 26 Ill2d 388, 186 NE2d 312 (1962).

On June 16, 1969, the defendant was notified by this court, in writing, of the Public Defender's petition to withdraw and was sent copies of the petition and brief in support thereof and was instructed to file any points he might choose in support of his appeal by August 15, 1969. The defendant has failed to file any such points to date.

After a thorough consideration of the Public Defender's motion and brief in support of his petition to withdraw and after examination of the record by this court, and pursuant to the requirements of Anders v. California, 386

US 738 (1967) and People v. Carter, 92 Ill App2d 120, 235 NE2d 382 (1968), we conclude that this appeal is without merit and the Public Defender be allowed to withdraw. The judgment of conviction is affirmed.

Judgment affirmed.

MURPHY and BURMAN, JJ., concur.