**People of the State of Illinois, Plaintiff-Appellee, v. Fernando Rodrigquez, Otherwise Called Fernando Velez Rodriguez, Otherwise Called Francisco Caldero, Defendant-Appellant.**

Gen. No. 53,103.

First District, Fourth Division.

June 10, 1970.

Gerald W. Getty, Public Defender of Cook County, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

## OFFENSES CHARGED

Burglary (3 indictments). Ill Rev Stats 1967, c 38, § 19–1.

Theft (2 indictments). Ill Rev Stats 1967, c 38, § 16–1(a).

Unlawful use of weapons. Ill Rev Stats 1967, c 38, § 24–1(a)(4).

## TRIAL COURT PROCEEDINGS

On November 17, 1967, defendant was arraigned and entered a plea of not guilty as to each indictment. At that time and throughout the rest of the proceedings in this case, he was represented by privately retained counsel. On December 13, 1967, defendant withdrew the not guilty pleas and entered a plea of guilty to each indictment. After hearing testimony stipulated to by the parties, the trial court sentenced defendant to a term of 5 to 8 years in the penitentiary on each of the 6 indictments, the sentences to run concurrently. On January 15, 1968, defendant filed his Notice of Appeal, and the Public Defender was appointed as his counsel.

## PROCEEDINGS IN THIS COURT

The Public Defender now requests leave to withdraw as defendant's attorney and has filed a brief in support thereof in accordance with the decision in Anders v. California, 386 US 738, and the procedure established by this court by way of its implementation. Defendant was furnished with copies of the petition and brief and was notified of his right to raise any additional points he might desire in support of his appeal.

The brief submitted by the Public Defender sets forth only one point which might arguably support the appeal, that being whether the court fully admonished the defendant as to the significance and consequences of his change of plea from not guilty to guilty. The pertinent colloquy that took place between defendant, his

counsel, and the court indicates that the trial judge scrupulously informed the defendant of the consequences of the change of plea. Defendant replied affirmatively to questions put by the judge, from which it was clearly determined that defendant's attorney had correctly stated his client's intention to plead guilty, that defendant's decision had been reached voluntarily without threat or inducement, and that defendant understood that entry of guilty pleas would result in an automatic waiver of a jury trial. The court advised defendant of the minimum and maximum sentences provided by law for the offenses charged and explained that the terms could be made to run either consecutively or concurrently. Defendant was also asked whether he was satisfied with the legal representation he had received from his privately retained attorney, and the response was, "I am satisfied." Defendant also affirmatively acknowledged that he understood his guilty pleas were an admission of guilt.

█ The explanation and interrogation by the court were more than adequate to inform defendant of the nature of the charges against him, the consequences of a guilty plea, and the penalties which might be imposed upon its acceptance. The procedure which was followed thus met all the requirements set forth in the pertinent statute and Supreme Court Rule. Ill Rev Stats 1967, c 38, § 115–2; c 110A, § 401(b). The record clearly shows that defendant's guilty pleas were knowingly and voluntarily made. People v. Williams, 44 Ill2d 334, 255 NE2d 385; People v. Reynolds, 123 Ill App2d 298, 260 NE2d 33.

██ In response to this court's notice to defendant, he has presented a letter in which he claims that he was "fooled" by his lawyer into pleading guilty to a crime he had not committed, while admitting his guilt

as to the rest of the charges. This allegation finds no support in the record, and, in any event, is the type of issue which was waived by a proper plea of guilty. People v. Dennis, 34 Ill2d 219, 221, 215 NE2d 218. Further, even if we were to consider this as an assertion that defendant was not provided with adequate representation by counsel, it would likewise be without merit. In the absence of a showing of extraordinary incompetence, which is completely lacking on this record, defendant will not be heard to make this contention with regard to privately retained counsel. People v. Morris, 3 Ill2d 437, 444, 121 NE2d 810; People v. Underhill, 38 Ill2d 245, 254, 230 NE2d 837; People v. Carter, 92 Ill App2d 120, 235 NE2d 382.

■ Defendant also raises the point that his sentences were excessive "for a guy that never cause [sic] problem to the court when he is guilty." Considering the nature and the number of offenses involved, we can find no reasonable basis for reducing the sentences which, as has been mentioned, are to be served concurrently.

■ In addition to studying the points raised by defendant and the Public Defender, we have made "a full examination of all the proceedings" in accordance with the dictate of Anders. We find that the appeal is "wholly frivolous." Defendant's attorney is therefore given leave to withdraw, and the judgments of conviction are affirmed.

Affirmed.

DRUCKER and LEIGHTON, JJ., concur.