THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FILMORE JACOBS, Defendant-Appellant.

(No. 70-139; ▮▮▮▮▮▮▮▮)

Second District—March 1, 1971.

Morton Zwick, of Defender Project, of Chicago, for appellant.

Dexter A. Knowlton, State's Attorney, of Freeport, for the People.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Defendant appeals from a theft conviction. He claims that, at the time

he pleaded guilty, the trial judge failed to properly admonish him of his right to a trial by jury.

The defendant is a 44 year old man who professed himself to be educated. He was brought from the State Farm at Vandalia to be arraigned under an indictment charging him with theft by deception. During the proceedings in the case, he frequently entered into the discussions between the judge and his attorney. At all times defendant indicated that he was satisfied with his counsel.

On May 15, 1970, the defendant with his counsel, appeared for arraignment and the following occurred:

"Court: * * * The penalty on this charge you are charged with, theft by deception of an article of the value of more than $150 with intent to deprive the owner permanently of the use and benefit of the property, the penalty, if you are found guilty or you plead guilty is from one to ten years in the penitentiary. Now, you may plead guilty, or you may plead not guilty, or you may stand mute, in which case I will enter a plea of not guilty for you. Now, if you plead not guilty, you are entitled to a trial either before a judge or before a judge and a jury, and you are entitled to have an attorney present with you at all times during any of the proceedings that take place here. Do you understand all that?

Defendant: Yes.

Court: Now, are you prepared to plead at this time, or do you wish to wait and have a chance to talk further with your attorney?
* * *

Mr. Schirmer [Defendant's counsel]: Could we set this for Tuesday?

Mr. Knowlton [State's Attorney]: That's agreeable, counsel.

Mr. Schirmer: And we will enter a plea at that time."

On Tuesday, May 19, 1970, after opening remarks by the prosecutor, the following transpired:

"Court: All right, are you prepared to plead?

Mr. Schirmer: We are, your Honor.

Court: How do you wish to plead?

Mr. Schirmer: In case 70C175 we enter a plea of guilty, and as to the other proceeding, being No. 70C221, we plead not guilty.

Court: Is that what you wish to do, plead guilty to this?

Defendant: Yes, your Honor.

Court: To 70C175?

Defendant: Yes, your Honor.

Court: Do you have in mind the penalties I advised you to the penitentiary?

Defendant: Yes.

Court: All right, I'll accept your plea of guilty on the 70C175 and will set a hearing in mitigation and aggravation for, let's see, could that be next Friday—would that be too soon?"

The defendant then claims that he was not receiving medical treatment, was not permitted to talk with his counsel and that he had not been permitted to contact certain witnesses. At this point, the court stated: "I'm going to set it [the plea] aside." The defendant responded, "Well, your Honor, I'd like to have a just, speedy trial as fast as I could  *  *  *."

A discussion was had wherein the defendant was satisfied that he would receive certain medication, that all witnesses he desired to call in aggravation and mitigation would be contacted and that the defendant had not been deprived of counsel. Then defense counsel stated:

"*  *  *  I think the Court certainly is in position to accept the plea on the one count, and we'll file an application for release on probation,  *  *  *."

After an off the record conversation, the judge set aside the plea and said:

"I will again admonish you—you understand, as I went through it last week that the possible penalty is one to ten years on this plea of guilty?

Defendant: Yes, Sir."

The court then ascertained that no promises or inducements had been made to the defendant, and said:

"All right, now, I'll ask you again—I have set aside your original plea— I've gone over it again what the possible penalty will be if you plead guilty, and that I'm not bound by anything Mr. Knowlton says or Mr. Schirmer, whatever that would be. I'm not aware—they have never spoken to me about any possibility of sentence. With that in mind, I'll ask you again how you wish to plead?

Defendant: I plead guilty, your Honor, to the one and not to the other."

The prosecutor then moved to *nolle prosequi* the second charge.

On May 22, 1970, at the commencement of the aggravation and mitigation hearing, the judge asked the defendant, again, if he wished to withdraw his plea. The record shows the following:

"Defendant: No, the plea remains the same, your Honor, and I would just as soon continue the case.

Court: All right. Do you want this Jury waiver signed? I don't think it is necessary.

Mr. Knowlton: If the plea remains the same as was indicated I call to the Courts attention that I did not ask the defendant on the plea to sign a Jury waiver although I realize statutorily and by case law it is not necessary. I think it is better practice to ask the defendant if he would sign the Jury waiver.

Defendant: Yes, I will sign it.

Court: All right, would you come up here please? You sign that right there if that is what you want to do. This is on the back of the Indictment.

(Defendant stands before the bench and signs waiver.)

Court: Now, are we prepared to proceed with the hearing in aggravation and mitigation?

Mr. Knowlton: We are, your Honor *  *  *."

On appeal, the defendant does not question the sufficiency of the admonishment he received on May 15, relative to waiver of trial by jury. It is his contention that "(T)he fact that a week earlier the defendant was admonished as to his right to a trial by jury, would not cure the defect in the judge's final admonishment," and, "The failure of the trial court to properly advise the defendant at the time of his plea (May 19) requires a reversal."

In support of this contention, defendant cites the case of *People v. Mackey* (1965), 33 Ill.2d 436. In that case the trial court had failed to inform the defendant of the limits of punishment which he could impose on a plea of guilty. There the State argued that since the defendant had been found guilty of the same type of offense in another case two weeks before the plea in question, it could be presumed that he was fully aware of the consequences of the plea. The Supreme Court held that the defendant could not be charged with knowledge of events that occurred before his trial, that the purpose of the statute was to avoid convicting a defendant on the basis of implication arising from the common law record. Such are not the facts in the case at bar. Here there is only one case involved. There is no presumption or implication of other criminal matters. The most that can be said in the present case is that the admonishment was interrupted for a period of four days. We are of the opinion that this interruption was not to the detriment of the defendant, but to his benefit. He had four days, after being advised of the consequences of a plea of guilty, in which to consider how he would plead.

At the time of oral argument, the defendant was given leave to cite the case of *People v. Rambo* (1970), 123 Ill.App.2d 299, wherein a jury waiver was at issue. Rambo, who was 16 years of age, was charged and, at a bench trial, found guilty of murder. Prior to trial he was advised that he had a right to be tried by a jury, but the record did not show that either he or his counsel "expressly" waived a jury; however, he did sign a jury waiver. The Court, at page 303, stated:

"*  *  * His youth and the gravity of the offense called for extra care in discharging the duty imposed on the court to be certain that the defendant's waiver of a jury trial was made understandingly."

We distinguish the *Rambo* case in two respects. First, at issue therein

was the sufficiency of the admonishment, not the interruption of it. Second, the factual situation there was not the same as in the instant case. Here, the defendant is a man of 44 years who claimed to be "pretty well educated", who expressly answered that he understood the admonishment, and who, several times during the hearing, was given the opportunity to change his plea but insisted upon proceeding under his plea of guilty.

We conclude that the time interval between the commencement of the admonishment and the entering of the plea of guilty did not, under the circumstances of this case, create reversible error. Therefore the judgment of the trial court will be affirmed.

Judgment affirmed.

SEIDENFELD and GUILD, JJ., concur.