THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* HARRY JUERKE, Defendant-Appellee.

(No. 71-333;

Second District—July 21, 1972.

William J. Scott, Attorney General, of Springfield, and William V. Hopf, State's Attorney, of Wheaton, (James Zagel, Assistant Attorney General, and Ralph J. Gust, Jr., Assistant State's Attorney, of counsel,) for the People.

George P. Lynch, of Chicago, for appellee.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The State appeals from a judgment granting post-conviction (and section 72) relief after an evidentiary hearing. In issue is the sufficiency of the court's advice to defendant of the possible penalties at the time of defendant's guilty plea.

On January 19th, 1970, defendant pled guilty to the offense of Indecent Liberties with a child. The judge, before whom defendant appeared, fully admonished defendant as to his rights and advised him of the four-year minimum and twenty-year maximum sentence involved. The cause was continued for a hearing on defendant's application for probation with the further statement by the court that it was not "committing itself in any way to grant you probation." It later appeared that there was a misunderstanding, and the judge thereafter permitted defendant to withdraw his plea of guilty and transferred the case to another judge.

On March 10th, 1970, the defendant pled guilty for the second time. Judge Locke, before whom he then appeared, did not admonish the defendant as to the minimum and maximum penalties before accepting his plea. On March 17th, 1970, Judge Locke placed the defendant on two years probation with the first nine months to be served at Vandalia.

An evidentiary hearing was had on the petition for post conviction relief on August 17th, 1970, before Judge Locke. At this hearing the report of proceedings of the prior plea hearing was introduced into evidence and the defendant and his attorney testified in support of the

allegations of the petition that the admonishment was insufficient and that in addition the plea was invalid because it was allegedly induced by the representation of defense counsel that defendant would receive probation without any other penalty. The court found that he had failed to admonish the defendant as to the minimum and maximum sentence he could receive on his plea, and that the admonishments given by another judge in the plea which was vacated were "not binding on the court in the later plea." He ordered the prior judgment on the finding of guilty vacated.

The essential issue is whether the failure to state to defendant the potential penalties at the time he pleads guilty is reversible error even though the defendant had been correctly advised in previous proceedings in the same case.

■■ The plea, entered before the effective date of Supreme Court Rule 402, is governed by Ill. Rev. Stat. 1969, ch. 38, pars. 115—2 and 113—4 (c), which are likewise designed to insure that the defendant's plea is made "understandingly".

Defendant argues that he is not chargeable with knowledge of matters which transpired at the previous hearing after which his plea of guilty was withdrawn. He claims that the later plea was not understandingly made in view of the circumstances: that he had no previous criminal experience; that he did not remember the judge telling him on entry of his first plea of guilty that he could get a minimum of four and a maximum of twenty years; and that he was not told by his attorney, nor did he know, the possible penalty when he plead guilty the second time. His attorney testified that he "didn't think" he had informed defendant of the potential penalties.

Defendant relies principally on cases which have held that the court cannot rely upon the penalties having been stated to the defendant by his counsel (*People v. Weakley* (1970), 45 Ill.2d 549); and that a defendant is not charged with knowledge of matters dehors his own trial. *People v. Terry* (1969), 44 Ill.2d 38; *People v. Ballheimer* (1967), 37 Ill.2d 24.

The State agrees that the court cannot rely upon defense counsel to provide the appropriate admonishment but argues that this defendant was sufficiently advised by the court to ensure a knowing plea. It distinguishes the *Terry* case on the basis that here the admonishment was given in proceedings on the same indictment upon which the defendant was convicted and not in an unrelated prosecution. *Ballheimer* is distinguished on the basis that the defendant was merely told he would be sentenced in accordance with the law and there was no inference of knowledge on the basis of prior proceedings as here.

Essentially the State argues that the purpose of the requirement that a defendant be fully advised of his rights is to give the defendant an opportunity to withdraw his plea when aware of the consequences, and that this purpose is satisfied by the circumstances in this record.

However, the judge who took the defendant's plea has taken a different view of the circumstances in a full evidentiary post conviction hearing and has ruled below that the defendant should be allowed to withdraw his plea. We will not interfere with that judgment on this record.

■■ We do not thereby hold that the admonishment given in the course of the earlier guilty plea, later vacated, is dehors the record and cannot be considered, however. This was a proceeding involving the same indictment, and although the earlier plea was vacated, the transcript is relevant in determining whether defendant made a later plea with full knowledge of the consequences. The fact that he was correctly admonished on January 19th may be considered but is not the full answer to the question whether defendant understood the minimum and maximum penalties on the following March 10th.

■ We have recently held (*People v. Jacobs* (1971), 267 N.E.2d 519, 522) that a delay of 4 days between the admonishment and the acceptance of the plea did not make the plea improper when there was no indication from the record that the defendant was unaware of the consequences. But here the time interval was very substantial; the defendant's testimony that he had no recollection of the prior advice by the court, and was not so advised by his counsel, was not impeached; and his attorney could not say that he had advised the defendant. Under these circumstances we affirm the judgment below.

So deciding, we do not consider the further claim of defendant that his plea was induced by representations of defense counsel.

Judgment affirmed.

ABRAHAMSON and T. MORAN, JJ., concur.