The People of the State of Illinois, Plaintiff-Appellee, v. Archie Burnett, Defendant-Appellant.

(No. 72-296; )

Fifth District—May 17, 1973.

Robert E. Farrell, Defender Project, of Mt. Vernon, (Michael A. Schmitt, Senior Law Student, of counsel,) for appellant.

Robert H. Rice, State's Attorney, (James W. Jerz and Edward N. Morris, both of Model District State's Attorneys Office, of counsel,) for the People.

PER CURIAM:

Defendant, Archie Burnett, appeals from the dismissal of his post-conviction petition without an evidentiary hearing. In 1965 defendant pleaded guilty to the crime of escape and received a sentence of from eight to ten years in the Illinois State Penitentiary.

On this appeal defendant contends that the indictment failed to charge an offense and that he was denied adequate assistance of counsel in presenting his post-conviction petition.

The indictment in this case referred to Ill. Rev. Stat., ch. 38, sec. 31—6, when it should properly have read sec. 31—6a. Leave was granted the

State's Attorney to amend to add sub-section "a" before the plea was entered.

■■ Defendant has cited *People v. Ball,* 126 Ill.App.2d 9, 261 N.E.2d 417, as authority that the indictment as originally drawn failed to state an offense. However, the *Ball* case in the supplemental opinion on rehearing points out that if the words of the indictment properly charge an offense that is sufficient. Since in this case the elements of the offense are set out in the words of the indictment, the failure to designate the proper sub-section is not a matter of constitutional dimension which could be raised on post-conviction proceedings. *People v. Bridges,* 67 Ill.App.2d 236, 214 N.E.2d 539.

■■ In regard to the inadequate representation by counsel, defendant's other contention that he should have been advised as to his right to appeal was decided against him in *People v. Burnett,* 45 Ill.2d 521, 262 N.E.2d 477. There is nothing in the record to indicate that defendant's constitutional rights have been violated. It is not error for counsel to fail to amend a petition when there is no basis for an amendment. *People v. Stovall,* 47 Ill.2d 42, 264 N.E.2d 174.

Judgment affirmed.