THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* JOHN BARR, Petitioner-Appellant.

(Nos. 58905, 59098 cons.;

First District (1st Division)—September 24, 1973.

Paul Bradley, District Defender, of Chicago, (Kenneth L. Jones, Assistant Appellate Defender, of counsel,) for appellant.

Bernard Carey, State's Attorney, of Chicago, (Kenneth L. Gillis and Thomas A. Mauet, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

John Barr (defendant) appeals from dismissal of his petition under the post-conviction provisions of the Code of Criminal Procedure. (Ill. Rev. Stat. 1971, ch. 38, pars. 122—1 to 122—7.) Defendant was charged with four burglaries. (Ill. Rev. Stat. 1971, ch. 38, par. 19—1.) After plea bargaining, he waived indictment and pleaded guilty to one information. The remaining charges were stricken with leave to reinstate. He was sentenced to three to five years in the penitentiary. Defendant did not appeal from this conviction.

Defendant's petition alleged that he was denied equal protection of

the laws of Illinois as guaranteed in the constitutions of Illinois and the United States by failure of the trial court substantially to comply with Supreme Court Rule 402. (Ill. Rev. Stat. 1971, ch. 110A, par. 402.) The petition specified that the trial court did not determine that defendant understood the nature of the charge; did not explain the possible minimum and maximum sentences; did not explain to defendant his right to plead not guilty; did not explain that his plea of guilty would waive his rights to trial by jury and confrontation by the witnesses against him and did not inquire into the factual basis, if any, for the plea. It further alleged that defendant was denied the opportunity to present evidence and that his counsel's attempt to argue matters in mitigation was cut short by the court. The record of proceedings upon sentencing was appended to the petition. In response, the State filed a motion to dismiss setting forth that the allegations of the petition failed to raise any constitutional questions and even if the allegations be so construed, they were "merely bare allegations" not sufficient to require a hearing.

In this court, defendant urges that the record as presented reflects disregard for Supreme Court Rule 402 so that the plea of guilty should have been vacated. The State responds with the contention that the errors thus asserted by defendant are at best statutory as distinguished from constitutional claims so that the petition was properly dismissed.

The record before us shows that defendant was sentenced on April 12, 1971, which was after the effective date of Rule 402 (September 17, 1970). Defendant appeared in open court with the public defender. His attorney informed the court that defendant was "advised as to the gravity of this particular, these particular offenses and also the possible consequences stemming from it; advised that he has a right to a jury trial, confrontation of witnesses and cross-examine same. The defendant still persists in his plea of guilty and wishes to waive these rights * * *." Defendant answered affirmatively when a question containing these elements was put to him by his attorney. The court then stated that defendant had entered into discussions about the matter through the public defender with the State's Attorney and warned defendant that although the court might follow the recommendations resulting therefrom, the court was not obligated to do so. Defendant responded affirmatively when the court asked him if, knowing this, he still waived his right to indictment.

Defendant's counsel then advised the court that defendant would sign the indictment waiver and jury trial waiver in open court. The State's Attorney advised the court that defendant had been in the penitentiary on previous occasions and that he was then on parole. The State recom-

mended sentence of three to five years in the penitentiary. Defense counsel stated. that this recommendation was based primarily upon pretrial conference with the State.

Sentence was accordingly imposed. In response to an inquiry by the court, the defendant stated that he was 38 years old. Defendant's counsel then stated that in the pretrial conference, defendant had requested that he be transferred from the county jail to the penitentiary "in the next shipment." The court stated that an immediate transfer would be granted. A parole officer present at the hearing stated that this would take place the following Friday.

Defendant's brief cites and depends upon *Boykin v. Alabama*, 395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1709. We need not analyze or quote from *Boykin*. Its precise effect upon the law of Illinois has been admirably set forth by the supreme court of our State in *People v. Reeves*, 50 Ill.2d 28, 29, 30, 276 N.E.2d 318:

"We do not find it necessary to discuss, analyze, distinguish or reconcile the many opinions following in the wake of *Boykin* since June 2, 1969, for the reason that in our opinion *Boykin* does not in any manner alter or modify the constitutional standards by which the validity of a plea of guilty is to be determined. The constitutional requirement, both *pre* and *post Boykin*, is that a plea of guilty be 'intelligent and voluntary.' *Boykin* adds the requirement that if the guilty plea is to withstand appellate or postconviction review 'the record must affirmatively disclose that the defendant who pleads guilty enters his plea understandingly and voluntarily.' (*Brady v. United States*, 397 U.S. 742, 747 *footnote* (4), 25 L.Ed.2d 747, 756, 90 S.Ct. 1463, 1468.) This requirement has been in effect in Illinois since 1948. See former Rule No. 27A, 400 Ill. 22."

The same conclusion that *Boykin* simply requires that a questioned record "must affirmatively disclose that a defendant who pleaded guilty entered his plea understandingly and voluntarily" appears also from *People v. Arndt*, 49 Ill.2d 530, 534, citing *Brady v. United States*, 397 U.S. 742, 747—8 *n.* 4, 25 L.Ed.2d 747, 756, 90 S.Ct. 1463.

The constitutional requirements thus imposed by *Boykin* are that pleas of guilty be entered understandingly and voluntarily. It is apparent from defendant's petition that he does not depend upon or urge a breach of these constitutional requirements. No facts of any kind are alleged in the petition concerning these issues and there is no allegation that the plea was anything but understandingly and voluntarily entered. Instead, the petition sets forth alleged failures by the court to explain

various matters to the defendant in conflict with Supreme Court Rule 402.

The basic purpose of post-conviction proceedings in Illinois has been stated with redundant frequency. It is limited to a substantial denial of "* * * rights under the Constitution of the United States or of the State of Illinois or both * * *." (Ill. Rev. Stat. 1971, ch. 38, par. 122—1.) The law requires that the petition itself shall "* * * clearly set forth the respects in which petitioner's constitutional rights were violated." (Ill. Rev. Stat. 1971, ch. 38, par. 122—2.) Even from examination of this clear language, it would appear necessarily to follow that the rights of a person charged with crime which are established by statute or rules of court or by the common law, as distinguished from those which spring from constitutional mandates, may not be the subject of post-conviction enforcement. This conclusion is totally supported by authoritative decisions in Illinois.

Our Supreme Court, in dealing with Rule 402, has described its requirements as "not constitutionally mandated." (*People v. Nardi,* 48 Ill.2d 111, 116, 268 N.E.2d 389.) In *People v. Covington,* 45 Ill.2d 105, 257 N.E.2d 106, the Supreme Court described Rule 605 pertaining to advice to defendants concerning right to appeal as predicated upon "* * * the dictates of good practice rather than constitutional command * * *." (45 Ill.2d at 108.) In *People v. Orndoff,* 39 Ill.2d 96, 233 N.E.2d 378, the court carefully made the distinction between the rights of defendants which are conferred by statute and those which are predicated upon constitutional doctrine. 39 Ill.2d at 99.

■■ No statute or rule of court may itself establish or confer constitutional rights. An elucidation of all of the various particulars with reference to which this distinction has been adhered to would require volumes. We mention only a limited number of the cases in which the Supreme and appellate courts of this state have refused in post-conviction proceedings to consider violation of rights of defendants based upon rules, statutes or dictates of the common law: failure to advise a defendant of his right to appeal (*People v. Cox,* 53 Ill.2d 101, 291 N.E.2d 1); statutory requirements implementing the right to speedy trial (*People v. French,* 46 Ill.2d 104, 262 N.E.2d 901); failure to conduct a hearing in aggravation and mitigation (*People v. Scott,* 49 Ill.2d 231, 234, 274 N.E.2d 39; *People v. Wade,* 47 Ill.2d 38, 264 N.E.2d 207); excessive sentence (*People v. Ballinger,* 53 Ill.2d 388, 292 N.E.2d 400); whether a sentence is properly indeterminate (*People v. Shaw,* 49 Ill.2d 309, 311, 273 N.E.2d 816); failure of an indictment to specify the violated section of the statute (*People v. Burnett,* 11 Ill.App.3d 383, 296 N.E.2d 598);

and refusal of defendant's attorney to call him as a witness. *People v. Brown*, 54 Ill.2d 21, 294 N.E.2d 285.

Defendant cites two cases in addition to *Boykin*. In *People v. Weakley*, 45 Ill.2d 549, 259 N.E.2d 802, a 17 year old defendant was sentenced to five to ten years in the penitentiary after revocation of his probation. In his post-conviction petition, he attacked the validity of the plea of guilty which had preceded his probation. His petition stated that his attorney "* * * was incompetent and used lies and tricks to induce the defendant to plead guilty." (45 Ill.2d at 551.) The Supreme Court held that defendant was entitled to withdraw the plea of guilty. This ruling rested upon the theory that the trial court did not itself advise defendant regarding the consequences of his plea but accepted the statement of defendant's attorney that this had been done. Note the differentiation of *Weakley* in the later case of *People v. Larrabee*, 7 Ill.App.3d 726, 288 N.E.2d 538, where the appellate court was considering a direct appeal from a sentence imposed upon a plea of guilty. Note, also, the strong dissent in *Weakley* on the theory that the allegations in the post-conviction petition regarding lies and tricks by defendant's counsel were insufficient. As well stated in the dissent, the only real question which should be determined in the administration of proper justice in connection with appeals after pleas of guilty is "Was defendant misled?" 45 Ill.2d at 556.

In *People v. Juerke*, 6 Ill.App.3d 559, 286 N.E.2d 110, the defendant pleaded guilty and was duly admonished. His plea was then withdrawn because of "a misunderstanding" and the case transferred to a different judge. Defendant then pleaded guilty again and was admonished except that he was not advised as to the minimum and maximum penalties. The trial court admitted him to probation for two years with the first nine months to be served at Vandalia. He had no previous criminal record. Five months later, in a post-conviction proceeding, defendant and his attorney testified that the plea was allegedly induced by representation of attorney that defendant would receive probation without other penalty. The court vacated the judgment entered on the plea of guilty and, on appeal by the State, the appellate court affirmed. In the case before us, the element of alleged inducement or misrepresentation in obtaining the plea of guilty is entirely lacking.

It follows that the only permissible issue here is whether defendant's plea of guilty was intelligent and voluntary. There is no allegation in the petition which could be used as a basis for post-conviction relief. Defendant depends solely upon the record itself, a copy of which is appended to the petition.

██ In determining the merits of this situation, and the constitutional

sufficiency of the proceedings upon which the plea of guilty rests, we must read the record in a "practical and realistic" manner. (*People v. Kontopoulos*, 26 Ill.2d 388, 390, 186 N.E.2d 312; *People v. Marshall*, 23 Ill.2d 216, 218, 177 N.E.2d 835.) This record shows that the plea of guilty was made in open court after at least one plea bargaining discussion between defendant's counsel and the State's Attorney. Defendant was charged with four burglaries. He had been in the penitentiary more than once before and was on parole at the time he entered this plea. Defendant acknowledged in open court that he was advised of the gravity of his situation and of the possible consequences thereof; his right to jury trial and the right to confrontation and cross-examination of witnesses and that he wished to waive all of them. He also knew the consequences of his plea and the recommendation that the State's Attorney would make to the court regarding sentence as a result of the plea bargaining session or sessions, and he knew that the court might or might not follow these recommendations. He knew of his right to appeal and waived right to indictment and jury trial. Defendant was a man of mature years; 38 years old at the time. He was patently pleased with the results obtained by his attorney as he requested immediate transfer to the penitentiary for commencement of his sentence.

■■ This plea of guilty was completely intelligent and voluntary. We do not have a "silent record" (*Boykin*, 395 U.S. at 243) before us but a record which speaks out clearly and vigorously to refute defendant's theory. There is no merit in the post-conviction petition and it was properly dismissed.

Judgment affirmed.

BURKE, P. J., and EGAN, J., concur.