THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KERRY W. TOMCZAK, Defendant-Appellant.

Second District (2nd Division) No. 74-145

Opinion filed February 13, 1976.

A. E. Botti and Edward T. Ward, both of Teschner & Botti, of Wheaton, for appellant.

John J. Bowman, State's Attorney, of Wheaton (Malcolm F. Smith, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

On April 29, 1973, defendant was charged with the offense of theft of property having a value in excess of $150 (Class 3 felony). He was represented by privately retained counsel. After plea bargaining, defendant, on June 25, 1973, entered a plea of guilty to the reduced charge of theft of property valued at "less than $150" (a Class A misdemeanor) and the prosecutor recommended that defendant be granted leave to make application for probation.

Thereafter, on August 8, 1973, defendant was sentenced to probation for one year and fined $200 and costs. Defendant did not appeal from this conviction. Instead, on December 19, 1973, he filed a post-conviction petition alleging a denial of constitutional rights because the court did not, before accepting the guilty plea, admonish the defendant as to (a) the nature of the charge, (b) the minimum and maximum sentence, and (c) defendant's right to persist in his plea of not guilty, and because the factual basis for the guilty plea was not set forth, and the court did not determine that the plea was voluntarily and knowingly entered.[1] At the hearing on his post-conviction petition the defendant was sworn and the court, after interrogating him about his age ("20

---

[1] While December 19 is more than four months after rendition of final judgment on defendant's plea of guilty to a misdemeanor and this appeal would therefore be subject to dismissal (*People v. Doyal*, 23 Ill. App. 3d 704; *People v. Warr*, 54 Ill. 2d 487, 493), no point is made by the State of that delay. Our examination of the record discloses that on November 28, 1973, defendant served notice on the State that he would present his petition for post-conviction relief, a copy of which was attached to the motion, on Monday, December 10, 1973; an entry in the trial judge's docket shows on December 10, 1973, this case was set for December 19 for motion.

years"), his educational background ("Two and one-half years of college" at "'Lewis and DuPage College"), and his occupation ("salesman for Sears"), did not permit defendant's counsel to elicit further testimony by the defendant, and denied his petition.

■■ On appeal to this court defendant argues that he was entitled to a full evidentiary hearing of his post-conviction petition to testify that "he did not knowingly or voluntarily enter his plea of guilty." Defendant acknowledges that the Post-Conviction Hearing Act (Ill. Rev. Stat. 1971, ch. 38, par. 122—6) allows the court discretion as to the evidence received at the post-conviction hearing, and that the court has wide discretion as to the type of evidence that may be received at such hearing. In *People v. Humphrey*, 46 Ill. 2d 88, 92, the Supreme Court held that the trial judge did not abuse his discretion "in ruling on the allegations of the petition based on the petition, written statement, answer and trial transcript without the oral testimony of the defendant * * *." In *People v. Bliss*, 44 Ill. 2d 363, 366, 367, the court held that in a post-conviction proceeding "[t]he inquiry is limited to constitutional issues not previously adjudicated," and that on a motion to dismiss a post-conviction petition "the trial judge may render a decision on the basis of the contents of the pleadings read in conjunction with the trial transcript." See also *People v. Shaw*, 49 Ill. 2d 309, 311.

The record here discloses that the trial judge had before him and carefully reviewed the transcript of the proceedings of the June 25 hearing at which defendant was represented by his privately retained counsel. That transcript established that, after the plea agreement was set forth, the defendant had been admonished that he was entitled to a jury trial, that he was entitled to confront his accusers, and that the court was not bound by any recommendation made as a result of any plea agreement. Thereupon, the court asked the defendant:

> "* * * Having been admonished of these rights, you do freely and voluntarily enter a plea of guilty to the charge of theft of property, having a value of less than $150.00?"

The defendant answered, "Yes, sir."

■■ The post-conviction petition made no allegations other than the general ones stated above. No complaint has been made that the prosecutor or the trial court did not carry out the terms of the negotiated plea of guilty, and no complaint of any defect in the trial court's admonitions other than that stated in his post-conviction petition. Neither was there any allegation of any prejudice to the defendant because of such defects. As the court stated in *People v. Hoffman*, 25 Ill. App. 3d 261, 270: "Unsupported conclusional statements in a petition for post-con-

viction relief are insufficient to require an evidentiary hearing under the Post-Conviction Hearing Act." (See also *People v. Morris,* 43 Ill. 2d 124.) Defendant made no specific allegations showing a denial of his constitutional rights. In effect, the allegations only indicate a failure to comply strictly with Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, par. 402). In *People v. Barr,* 14 Ill. App. 3d 742, 746, where the defendant alleged a denial of his constitutional rights on similar grounds, the appellate court in affirming the trial court's dismissal of the defendant's post-conviction petition held that "the only permissible issue" in such case "is whether defendant's plea of guilty was intelligent and voluntary," and (at 746-747) that "[i]n determining the merits of this situation, and the constitutional sufficiency of the proceedings upon which the plea of guilty rests, we must read the record in a 'practical and realistic' manner," citing *People v. Kontopoulos,* 26 Ill. 2d 388, 390. The court also rejected the applicability of *Boykin v. Alabama,* 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709, relied on by the defendant in *Barr,* as here. The court stated that the record in *Barr* was not a 'silent record' as in *Boykin* (395 U.S. 238, 243, 23 L. Ed. 2d 274, 280) "but a record which speaks out clearly and vigorously to refute defendant's theory."

*Barr* was affirmed by the Illinois Supreme Court in *People v. Krantz,* 58 Ill. 2d 187, 194-195. In affirming the appellate court, the supreme court said:

> "Understandably no claim is made that the defendant, represented by counsel, was unaware of the possible punishment to which his conduct had exposed him. His plea of guilty was the product of negotiating or plea bargaining. He had discussions with the prosecutor, the very purpose of which was to escape the maximum penalty the People could seek. The defendant's negotiating obviously was with knowledge of the possible punishment he was trying to avoid. There is no complaint that the prosecutor or the trial court did not carry out what had been agreed upon. The assistant State's Attorney dismissed three burglary charges which were pending against the defendant, and the trial court imposed the sentence which had been recommended to the court.
>
> No complaint of any defect in the trial court's admonition was made by the defendant until almost two years later when he filed the post-conviction petition. And neither then nor now does he allege any prejudice because of the omission. Rule 402 was designed to insure properly entered pleas of guilty, not to provide for merely an incantation or ceremonial. We have no doubt the

defendant understood what punishment, apart from what he negotiated for with the prosecutor, he could have received.

    *    *    *

The rule [402] was designed to satisfy the requirements of *Boykin* * * *, and to give visibility to plea agreements."

See also *People v. Reeves*, 50 Ill. 2d 28, 30.

Likewise here, "the defendant's negotiating obviously was with knowledge of the possible punishment he was trying to avoid," and no complaint was made that the agreement was not carried out. Indeed, defendant was not sentenced to jail or imprisonment; instead he was placed on probation for one year, and the court imposed a small fine. Moreover, as in *Krantz*, this defendant asserted no claim of prejudice resulting from any defects in the court's admonition. The requirements of Rule 402 are not constitutionally mandated: the constitutional requirement is that the plea of guilty be intelligent and voluntary. *People v. Holvey*, 17 Ill. App. 3d 809, 811.

Based on the entire record we conclude that the plea of guilty was voluntarily and knowingly entered, and there was no denial of the defendant's rights. The trial court did not err in denying defendant relief on his post-conviction petition.

We therefore affirm the judgment of the circuit court.

Judgment affirmed.

T. J. MORAN, P. J., and DIXON, J., concur.