(No. 42969.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JAMES ROCK NARDI, Appellant.

*Opinion filed April 1, 1971.*

CHESTER A. LIZAK, of Chicago, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and WILLIAM V. HOPF, State's Attorney, of Wheaton, (WARREN K. SMOOT, Assistant Attorney General, and RALPH J. GUST, JR., Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE RYAN delivered the opinion of the court:

This is an appeal from an order of the circuit court of Du Page County entered following a hearing denying the relief prayed in defendant's petition for relief under the Post-Conviction Hearing Act. Ill. Rev. Stat. 1967, ch. 38, par. 122—1 *et seq.*

The defendant was indicted by the Du Page County grand jury on August 1, 1968, in a four-count indictment charging in count I the offense of attempt to commit murder and in counts II, III and IV the offense of aggravated battery. Pleas of not guilty were entered as to each offense charged. On January 27, 1969, the defendant with counsel of his own choosing appeared before the court and asked leave to withdraw his plea of not guilty to count II charging aggravated battery and to enter a plea of guilty thereto. Before accepting the plea of guilty, the court inquired of the defendant, his attorney and the assistant State's Attorney as follows:

"THE COURT: Now, your attorney Mr. Dunagan ad-

vises me that you wish to withdraw your plea of not guilty to Count II of the indictment which charges you with the offense of aggravated battery and that you wish to substitute a plea of guilty, is that correct?

DEFENDANT NARDI: That is correct.

THE COURT: When you plead guilty, do you know that you are telling the court that you did the things charged against you in that particular count of the indictment?

DEFENDANT NARDI: Yes.

THE COURT: In other words, that you did without legal justification and knowingly commit a battery on and knowingly cause bodily harm to Donald Horton in that you did shoot Donald Horton with a deadly weapon being a gun. You are telling me you did that?

DEFENDANT NARDI: Yes, sir.

THE COURT: Are you making this plea of guilty freely, voluntarily and understandingly and with no promise of leniency whatever or no threats?

DEFENDANT NARDI: Yes, sir.

THE COURT: Is that right, Mr. Laraia?

Mr. LARAIA [Asst. State's Attorney]: Your Honor, counsel and I have had a conference and I have indicated to him, of course, that nothing we would agree on would be binding on the Court, and if that in the event the Probation Department, if the Court granted leave to apply for probation were to recommend probation, our recommendation would be the same as that of the Probation Department.

If they were, of course, not to recommend probation, then, of course, we would recommend a sentence to the Court which the Court is not bound by in any manner.

Mr. DUNAGAN: That was our understanding.

THE COURT: That was your understanding, Mr. Dunagan?

Mr. DUNAGAN : Yes, your Honor.

THE COURT: Mr. Nardi, was this conveyed to you in just that way?

DEFENDANT NARDI: Yes.

\* \* \*

THE COURT: And you further understand that regardless of what anyone says, either the probation office or the State's Attorney's office, I am not bound by what the Probation Department or the State's Attorney's office recommends.

The sentencing responsibility is on me and I have to use my own conscience. Do you understand that?

DEFENDANT NARDI: Yes, sir."

The court then informed the defendant of the statutory penalty for aggravated battery and told him that if he pleaded guilty he would no longer have a right to have a jury determine his guilt or innocence. After the defendant persisted in his plea of guilty the court adjudged him guilty of the offense of aggravated battery as charged in count II of the indictment.

The defendant thereupon filed a petition for probation. The matter was referred to the Probation Department for investigation and report and the case was continued until February 28, 1969. On the continued date the court, counsel for the defendant and the assistant State's Attorney each examined the probation officer's report and recommendation. The assistant State's Attorney concurred in the recommendation of the Probation Department that the defendant be given probation. The judge refused to abide by this recommendation and sentenced the defendant to the Illinois State Penitentiary for a term of not less than one nor more than four years for the offense of aggravated battery. The other three counts in the indictment were nolle prossed. No appeal was taken from this conviction. The defendant filed his petition for relief under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1967, ch. 38, par. 122—

1 *et seq.*), and a hearing was held thereon with the result as stated above.

Defendant's sole contention in this court is that the trial court erred in failing to inquire as to the factual basis for his plea of guilty before accepting the same. This argument is based on the premise that the court was aware of the strong belief held by the defendant that he would receive probation and that the defendant in his application for probation stated, "What happened was not intended, and was more of an accident—". Defendant contends that in light of this, the circumstances surrounding his plea of guilty required an inquiry by the court as to the factual basis of the plea. In support of his contention defendant cites *McCarthy* v. *United States* (1969), 394 U.S. 459, 22 L. Ed. 2d 418, 89 S. Ct. 1166, and *Boykin* v. *Alabama* (1969), 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709.

*McCarthy* is not helpful because the decision in that case was not based upon constitutional grounds and, in any case, has been held to operate prospectively only and not upon a plea of guilty accepted prior to April 2, 1969. (*Halliday* v. *United States,* 394 U.S. 831, 23 L. Ed. 2d 16, 89 S. Ct. 1498; *People* v. *Williams,* 44 Ill.2d 334.) The plea of guilty in the instant case was accepted on January 27, 1969.

*Boykin* v. *Alabama* (1969), 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709, addresses itself to constitutional issues and holds that the record must affirmatively show that the defendant has intelligently and knowingly pleaded guilty. *Boykin* does not touch on the necessity of the court to make an inquiry as to the factual basis for the defendant's plea of guilty.

At the time the defendant herein entered his plea of guilty (January 27, 1969), the procedure for the entering and accepting of the same was governed by section 115—2 of the Code of Criminal Procedure (Ill. Rev. Stat. 1967, ch. 38, par. 115—2) and by Supreme Court Rule 401(b). (Ill. Rev. Stat. 1967, ch. 110A, par. 401(b).) These sec-

tions contained no requirement that the court make an inquiry as to the factual basis of the plea of guilty. Section 115—2 required that the court inform the defendant of the consequences of his plea and of the maximum penalty provided by law which may be imposed upon acceptance of such a plea. Supreme Court Rule 401(b) required that the court find from the proceedings had in open court that the accused understands the nature of the charge against him and the consequences thereof if found guilty. The defendant does not contend that the provisions of section 115—2 or of Rule 401(b) were not followed and we find that the transcript of the proceedings had on January 27, 1969, demonstrates compliance with the same.

In June 1970, effective September 1, 1970, this court amended Rule 401 and adopted Rule 402. Paragraph (c) of Rule 402 provides: "(c) *Determining Factual Basis for Plea.* The court shall not enter final judgment on a plea of guilty without first determining that there is a factual basis for the plea." However, Rule 402(c) was not in effect at the time the defendant entered his plea of guilty herein and its requirements are not constitutionally mandated. *McCarthy* v. *United States* (1969), 394 U.S. 459, 22 L. Ed. 2d 418 at 424, 89 S. Ct. 1166.

Accordingly, there was no constitutional requirement nor statute or rule of court effective at the time the defendant entered his plea of guilty herein which required the court to make an inquiry as to the factual basis for the plea of guilty. The trial court properly denied the relief prayed in the defendant's post-conviction petition.

*Judgment affirmed.*