(No. 43314-

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. ROBERT REEVES, Appellant.

*Opinion filed November 30, 1971.*

GERALD W. GETTY, Public Defender, of Chicago, (MICHAEL WEININGER and JAMES J. DOHERTY, Assistant Public Defenders, of counsel,) for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General; ROBERT A. NOVELLE and BRENT F. CARLSON, Assistant State's Attorneys; of counsel,) for the People.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

A grand jury in the circuit court of Cook County returned a three-count indictment against defendant, Robert Reeves, in connection with the death of Pamela H. Taylor. Counts one and two charged defendant with

murder and count three charged him with involuntary manslaughter. After pleading not guilty to all three counts, defendant, on February 11, 1970, withdrew his not-guilty plea to the involuntary manslaughter count, entered a plea of guilty to that count, and was sentenced to the penitentiary for a term of 2 to 6 years.

Citing *Boykin v. Alabama, 395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1709,* defendant contends that he was denied due process of law in that prior to acceptance of his plea of guilty the trial court failed to admonish him that his plea of guilty waived his right to confront his accusers and his privilege against self-incrimination.

Defendant's argument is based upon the following language from *Boykin (395 U.S. at 243):* "Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. [Citation.] Second, is the right to trial by jury. [Citation.] Third, is the right to confront one's accusers. [Citation.] We cannot presume a waiver of these three important federal rights from a silent record."

We do not find it necessary to discuss, analyze, distinguish or reconcile the many opinions following in the wake of *Boykin* since June 2, 1969, for the reason that in our opinion *Boykin* does not in any manner alter or modify the constitutional standards by which the validity of a plea of guilty is to be determined. The constitutional requirement, both *pre* and *post Boykin,* is that a plea of guilty be "intelligent and voluntary." *Boykin* adds the requirement that if the guilty plea is to withstand appellate or post-conviction review "the record must affirmatively disclose that the defendant who pleads guilty enters his plea understandingly and voluntarily." *(Brady v. United States, 397 U.S. 742, 747 footnote (4), 25 L.Ed.2d 747, 756, 90 S.Ct. 1463, 1468.)* This requirement has been in

effect in Illinois since 1948. See former Rule No. 27A, 400 Ill. 22.

In *McCarthy v. United States, 394 U.S. 459, 22 L.Ed.2d 418, 89 S.Ct. 1166,* the Supreme Court, holding that "the procedure embodied in Rule 11 (Federal Rules of Criminal Procedure) has not been held to be constitutionally mandated," said that "it is designed to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary." The court went on to say that a defendant who enters a plea of guilty "simultaneously waives several constitutional rights, including his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers." We find nothing in *Boykin* which compels specific admonitions and waivers with respect to the "several constitutional rights" to which *McCarthy* refers but does not enumerate.

We agree with the statement of Mr. Justice Harlan in the dissenting opinion in *Boykin* that the fifth amendment due process due a defendant in a Federal court is at least as demanding as the fourteenth amendment due process due a defendant in a State court and we find it significant that Rule 11 of the Federal Rules of Criminal Procedure, effective July 1, 1966, has not been revised or modified.

Upon review of the proceedings had when defendant entered his plea of guilty we find that the record affirmatively discloses that his plea of guilty was made understandingly and voluntarily, and the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*