THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LENDELL D. GERSBACHER, Defendant-Appellant.

(No. 70-88;

Fifth District—April 6, 1972.

Paul Bradley, of Defender Project, of Mt. Vernon, for appellant.

Frank H. Walker, State's Attorney, of Mt. Vernon, for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

The appellant entered a plea of guilty to an attempt to murder and was sentenced to not less than ten nor more than fourteen years, the sentence to run concurrent with that of a previous conviction.

He argues initially that the trial court did not properly advise him, prior to the plea of guilty, that he had a right to a trial by jury, that he had a right to confront his accusers, and that by pleading guilty he was waiving his right to be free from compulsory self-incrimination. Since the plea in this case was entered on April 20, 1970, Supreme Court Rule 402 would not be applicable, since it became effective September 1,

1970; however, the former Rule 401(b) would have governed the plea and that rule did not require the specific admonitions mentioned by the appellant.

■■ The appellant was indicted in Jefferson County on October 22, 1969. On March 5, 1970, he was granted a change of venue to Wayne County, due to prejudicial news coverage. On April 20, 1969, after the court denied another change of venue, the appellant, after consultation with his counsel, tendered a printed plea of guilty and waiver of jury form, which provided in part that "I hereby waive a Trial by Jury and consent to an immediate hearing  *   *   *". After ascertining that the appellant had signed the form, the court asked if it was his desire to waive a trial by jury, to which the appellant responded "that's right". Another admonition with regard to the rights mentioned, appearing in the record, occurred in Jefferson County, on October 14, 1969, the day after the alleged offense was committed. After informing him that he could plead guilty or not guilty, the court stated:

"If you plead not guilty, you are entitled or would be entitled to a trial by jury or at your election you could have a trial before the court without a jury, and that would be before anyone who happened to be lawfully sitting then at that time  *   *   *. [Y]ou would have the right to trial by jury if you pleaded not guilty or you would have the right to waive trial by jury and have the trial before the Court without a jury."

In *People v. Gaston* (1971), (Ill.App.3d), 270 N.E.2d 846, relying on *Boykin v. Alabama* (1969), 395 U.S. 238, the court reversed the defendant's conviction of mob action, holding that a signed jury waiver, in and by itself, was insufficient to result in a relinquishment of the defendant's right to a jury trial. In this case, however, the record reveals sufficient additional evidence that the appellant was fully advised and understandingly and voluntarily waived his right to a jury trial. Furthermore, subsequent to the *Gaston* opinion, our Supreme Court considered the application of *Boykin,* holding in *People v. Reeves* (1971), 50 Ill.2d 28, 276 N.E.2d 318, at 319, that "We find nothing in *Boykin* which compels specific admonitions and waivers  *   *   *". Also, in *People v. Arndt* (1971), 49 Ill.2d 530, 276 N.E.2d 306, at 308, after pointing out that in *Boykin* "the court was apparently there considering a truly 'silent record', with no admonition whatsoever to, or examination of, the defendant", the Court held that the "superficial" inquiry of the defendant as to whether he waived his right to trial by jury and the failure of the trial court to mention the defendant's privilege against self incrimination and right of confrontation did not deprive the defendant of his rights.

The Court obviously took judicial notice that defendant was not com-

pletely ignorant of criminal proceedings, and his rights, since he had recently been through a trial in Jefferson County, conviction and appeals to both this Court and the Supreme Court. (See 102 Ill.App.2d 165, 242 N.E.2d 277, 44 Ill.2d 321, 255 N.E.2d 429) and was presently serving a sentence in the penitentiary on that prior conviction. The record affirmatively shows that the defendant's plea of guilty was made understandingly and voluntarily. While the trial court's procedure would not fulfill the requirements of Rule 402, it was sufficient to meet the requirements of Rule 401(b) and the *Boykin* case.

■■ The appellant also argues that the trial court failed to determine a factual basis for the plea of guilty. Supreme Court Rule 402(c) was not in effect at the time of the plea and there was no constitutional requirement or statute in effect which requires the court to make an inquiry as to the factual basis for the plea. *People v. Nardi* (1971), 48 Ill.2d 111, 268 N.E.2d 389; *People v. Cook* (1971), 1 Ill.App.2d 292, 274 N.E.2d 209.

■■ The appellant next argues that the trial court erred in accepting the plea of guilty without a hearing to determine whether the defendant could understand the charge against him and cooperate with counsel. In support of his contention that a competency hearing should have been held at the court's initiative, appellant cites *People v. Burson* (1957), 11 Ill.2d 360, 143 N.E.2d 239, which held that, when a court, by its own observation, apprehends that there is a *bona fide* doubt as to defendant's competency to stand trial, it must order a sanity hearing. Commenting on the facts of that case, the Court noted, at 245, that:

"The record in this case raises serious doubt concerning the defendant's sanity at the time of his trial. He appears to have been possessed of a persecution complex pertaining to his relation with man, and of delusions of grandeur in connection with his identification with God. In view of his exalted beliefs and irrational conduct, it must have been apparent to his counsel, the State, and the Court, before and as the trial progressed, that he was neither capable of cooperating with his counsel, of giving them the assistance necessary to a proper defense, nor of defending himself."

In *People v. Cleggett* (1961), 22 Ill.2d 471, 177 N.E.2d 187, on the other hand, the Court held that the facts of that case did not indicate that the trial court should have ordered a hearing. In that case the defendant had pleaded not guilty, moved for a "behavioral clinic examination", which motion was granted, and before the report was submitted withdrew his prior plea of not guilty and entered a plea of guilty. With respect to his contention that a *bona fide* doubt had been raised as to his competency, the Court pointed out that there had been no

previous adjudication of incompetency, nor was there a request for a sanity hearing by defendant or his counsel. The only thing in the record, in fact, which reasonably suggested a lack of competency of the accused was the motion. The Court concluded, at 177 N.E.2d 189:

"Under the circumstances, we do not regard the fact that such a request was made and later abandoned as sufficient to create such doubt of defendant's sanity as to preclude the trial court from accepting a plea of guilty. The fact that defense counsel was willing to have defendant change his plea suggests that he had either satisfied himself that the report would contain nothing to suggest that defendant was insane or that he himself had not sufficient doubt of defendant's sanity to warrant waiting for the report."

In the present case, on January 7, 1970, the State's Attorney made a motion for a psychiatric examination. On January 13, the appellant's appointed counsel made a motion for a psychiatric examination, which the court granted, continuing the hearing on the State's Attorney's motion until after the defense examination. Subsequently, on January 29, 1970, the appellant's attorney moved to withdraw, since he had resigned as public defender, effective February 1, 1970. The court appointed another attorney at the same time. On March 5, 1970, the change of venue was granted and on April 20, 1970, the appellant entered his plea. At no time after January 13 did the appellant or his counsel request a hearing or a report. There is nothing in the record to show that the new judge after the successful motion for change of venue knew anything about the motions for "psychiatric examination". Moreover, the colloquy at the time of appellant's guilty plea shows no indication of any incompetency on the part of appellant. His answers were entirely responsive and lucid. In light of facts of this case, we do not find that the court erred in failing on its own motion to order a psychiatric examination.

■■ A report of a mental health consultant, dated January 23, 1970, was included in the record. The appellant argues that it should not have been included, since there is nothing to indicate that it was ever filed with the court. We agree, and accordingly have not considered its contents on this appeal.

■■ Appellant's final contention is that his conviction should be reversed because he had no realistic opportunity for a hearing in aggravation and mitigation, under Ill. Rev. Stat. ch. 38, par. 1—7. He cites *People v. Tompkins* (1969), 112 Ill.App.2d 251, 251 N.E.2d 75, in which the court vacated the sentence and remanded the case when it was shown that, after a plea of guilty to armed robbery, the judge asked the 17 year old defendant if he wished to say anything, received a negative reply, and imposed sentence. The court noted that a waiver of the hearing in

mitigation was possible, but emphasized, that "the minimum the record must demonstrate is that defendant was aware of his right to present evidence favorable to minimize the prospective sentence and conduct indicating that notwithstanding such knowledge, defendant did not desire to avail himself of such right or opportunity".

In the present case, however, the facts are different. Before the plea was accepted, the State's Attorney recommended a sentence of not less than ten nor more than fourteen years, to run concurrently with a previous sentence. When asked if he had anything to add, the defense counsel stated "we have no objection to the recommendation by the State's Attorney". The court then accepted the plea and sentenced the accused to from ten to fourteen years. At that point, the defense counsel interjected:

"If the court pleases, I would ask the court to advise the defendant of his right to a hearing on aggravation and mitigation prior to sentencing and see if he understands or if he knows what a hearing on mitigation and aggravation is and if he would desire to waive such a hearing.

At that point, the court addressed the appellant:

"Mr. Gersbacher, in these matters you have a right to have a hearing before the court at which evidence would be presented both by the People and by yourself in order to determine the kind of sentence I should give you. However, in this particular case, I felt that in view of the fact that the State's Attorney was recommending this sentence and that it was agreeable to your own counsel, I felt that instead of having such a hearing, the statements of the attorneys would be sufficient.

Now, can you tell me now, for the record, that this statement is sufficient on your behalf instead of having a regular hearing on mitigation and aggravation?"

To this, the appellant responded, "Yes. It is."

In light of the court's explanation and the understanding reached by the appellant, his counsel, and the State's Attorney, we find that the appellant knowingly waived his right to the hearing. *People v. Wilson* (1971), (Ill.App.3d), 270 N.E.2d 88.

Accordingly, the judgment of the trial court is affirmed.

Judgment affirmed.

G. MORAN, P. J., and JONES, J., concur.