The People of the State of Illinois, Plaintiff-Appellee, *v.* Donald Lee Holvey, Defendant-Appellant.

(No. 72-217; ▮▮▮▮▮▮▮▮

Third District—March 8, 1974.

Robert Agostinelli, Assistant Appellate Defender, of Ottawa, for appellant.

Max B. Stewart, State's Attorney, of Carthage (Kai A. Wallis, of Circuit Attorney Project, of counsel), for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

Defendant Donald Lee Holvey appeals from a judgment of the trial court of Hancock County denying his petition seeking relief pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat., ch. 38, par. 122—1).

Defendant was charged with separate acts of aggravated battery. On Aug. 1, 1971, he entered a plea of guilty to each of the charges and was sentenced to concurrent terms of not less than 3 years nor more than 6 years in the Illinois State Penitentiary. No appeal was ever taken from that judgment. In March 1972 he filed a petition for post-conviction relief. A hearing was held and relief was denied on August 3, 1972.

Defendant's sole contention is that the trial court failed to determine that a factual basis existed in support of the plea and that this constituted a denial of due process. He contends that the determination of a factual basis is a necessary ingredient of a finding that a plea is voluntary and intelligently made.

810

The record shows that after reading the indictment to the defendant the following appears:

"The Court: Are you, Mr. Holvey, pleading guilty because you believe to be guilty in fact?

Defendant: Yes, sir.

The Court: * * * do you believe yourself in fact guilty or are you merely pleading guilty because somebody has advised you to do so?

Defendant: I know I am guilty, sir."

Aggravation and mitigation were both waived and no pre-sentence report appears in the record.

The above has been held not a sufficient compliance with Rule 402(c) and were this proceeding a direct appeal, under the authority of *People v. Walraven*, 11 Ill.App.3d 1085, we would likely reverse and remand with directions that the defendant be allowed to plead anew.

■■■ Defendant's appeal, being from the judgment denying his petition for relief pursuant to the Post-Conviction Hearing Act, must be determined on the basis of whether defendant has been convicted and incarcerated in violation of his constitutional rights. (*People v. Cox*, 12 Ill. 2d 265; *People v. Bernatowicz*, 413 Ill. 181.) A violation of a statute or rules of procedure which do not constitute constitutional rights may not be considered. *People v. Masterson*, 45 Ill.2d 499; *People v. Hangsleben*, 43 Ill.2d 236.

*McCarthy v. United States*, 394 U.S. 459, 22 L.Ed.2d 418, 89 S.Ct. 1166, involved the procedure that must be followed under Rule 11 of the Federal Rules of Criminal Procedure before a United States district court may accept a guilty plea and the remedy for a failure to follow that procedure. Federal Rule 11 is similar to our present Rule 402. Rule 11 concludes, "The Court shall not enter judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea." The petitioner therein contended (1) that the district court had accepted his plea "without first addressing him * * * personally and determining that the plea was made voluntarily with understanding of the nature of the charge * * * and (2) that the court had entered judgment without determining "that there was * * * a factual basis for the plea."

*McCarthy* stated that although *not constitutionally mandated* the rule was designed to assist the judge in making the constitutionally required determination that the plea is truly voluntary.

In *Halliday v. United States* (1969), 394 U.S. 831, 23 L.Ed.2d 16, 89 S.Ct. 1498, the court noted again that the holding in the *McCarthy* case was based solely upon the application of Rule 11 and not upon constitutional grounds.

In *Boykin v. Alabama* (1969), 395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1709, the court held that the waiver of constitutional rights which takes place when a plea of guilty is entered in a state criminal trial could not be presumed from a silent record, and that there was reversible error where the record did not disclose that the defendant voluntarily and understandingly entered a guilty plea.

There was some question raised by the *Boykin* case as to whether the states are now required to apply the standards of Federal Rule 11 to the acceptance of guilty pleas. In his dissenting opinion in the *Boykin* case, Mr. Justice Harlan, joined by Mr. Justice Black, stated that so far as one could make out from the court's opinion, what was now in effect being held was that the prophylactic procedures of Criminal Rule 11 are substantially applicable to the States as a matter of *federal constitutional due process.*

Boykin* was decided June 2, 1969. Thereafter, our Supreme Court Rules were amended and since September 1, 1970, require that "The court shall not enter final judgment on a plea of guilty without first determining that there is a factual basis for the plea." See *People v. Hudson,* 7 Ill.App.3d 800.

In *People v. Nardi,* 48 Ill.2d 111, the court stated that Rule 402(c) was not constitutionally mandated.

In *People v. Reeves,* 50 Ill.2d 28, the court stated, "* * * in our opinion *Boykin* does not in any manner alter or modify the constitutional standard by which the validity of a plea of guilty is to be determined. The constitutional requirement, both *pre* and *post Boykin* is that a plea of guilty be 'intelligent and voluntary.' *Boykin* adds the requirement that if the guilty plea is to withstand appellate or post-conviction review 'the record must affirmatively disclose that the defendant who pleads guilty enters his plea understandingly and voluntarily.' (*Brady v. United States,* 397 U.S. 742, 747 *footnote* (4), 25 L.Ed.2d 747, 756, 90 S.Ct. 1463, 1468.) This requirement has been in effect in Illinois since 1948. See former Rule No. 27A, 400 Ill. 22."

There has been no allegation in defendant's brief that his guilty plea was not voluntarily and intelligently made. There was substantial compliance with Rule 402(a), (b) and (d) and defendant does not contend otherwise. He was represented throughout by privately retained counsel of his own choosing.

Illinois cases cited by defendant with one exception are all decisions resulting from direct appeals not appeals from post-conviction proceedings as is the case here. The exception is *People v. Bowers,* 47 Ill.2d 585. In that case the defendant contended that the facts adduced did not show a factual basis for a charge of robbery. The court held that there

was a sufficient showing of a factual basis for the plea of guilty and that the argument was without merit. Constitutional aspects were not raised or discussed. The case does not support defendant's position. See *People v. Barr*, 14 Ill.App.3d 742, 303 N.E.2d 202.

We do not believe that defendant's claim concerns a denial of a constitutional right. The judgment of the Circuit Court of Hancock County is accordingly affirmed.

Judgment affirmed.

ALLOY, P. J., and STOUDER, J., concur.