The People of the State of Illinois, Plaintiff-Appellee, v. Charles Meredith, Defendant-Appellant.

(No. 73-6; ▌)

Fifth District—July 24, 1974.

Robert E. Farrell, Richard E. Cunningham and Timothy F. Flynn, all of the State Appellate Defender's Office, of Mt. Vernon, and Robert Wagman, Senior Law Student, for appellant.

Robert H. Rice, State's Attorney, of Belleville (Donald J. Dahlmann, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

Defendant, Charles Meredith, was charged with the offense of unlawful sale of a narcotic drug. Pursuant to a plea agreement he pleaded guilty in the Circuit Court of St. Clair County to the lesser charge of unlawful possession of a narcotic drug. He was sentenced to serve a minimum of 5 and a maximum of 6 years.

There was no direct appeal taken from this sentence. On March 25, 1972, the defendant filed a post-conviction petition alleging that the trial court had not properly admonished the defendant on the consequences of a guilty plea and that he had not knowingly pleaded guilty. A hearing was held on June 26, 1972, and the post-conviction petition was denied. It is from that denial that defendant has appealed.

On May 17, 1971, defendant, represented by the public defender, appeared in court and the following hearing occurred:

> "State's Attorney: Your honor, this is a case where the indictment charged the Sale of Narcotic and at this time the State would move to reduce the charge to that of Possession.
>
> Defense Counsel: He advised me that he wishes to change his plea of not guilty which was entered at the time of arraignment and plead guilty to the reduced charge of Possession.
>
> The Court: The court will accept the plea to the reduced charge of Possession. You understand that you could have a trial by jury or a bench trial, either way, and if found guilty a sentence could be imposed of not less than two years nor more than ten years in the Illinois State Penitentiary at Menard Illinois.
>
> Defense Counsel: Your honor, I have advised him of that, of his right to trial by jury, of his right to have witnesses and the sentence involved.
>
> The Court: Is he asking probation?
>
> State's Attorney: No, your honor, the State has agreed to—I would suggest to the court a sentence of not less than five years nor more than six years.
>
> The Court: Do you fully understand this, that you are entitled to a trial by jury? And do you understand that your counsel and the State have negotiated in consideration of your plea of guilty?
>
> Defendant: Yes sir, I understand it.
>
> State's Attorney: Your honor, this defendant was associated with one Willie Kennel—it was the premises on 5th Street in East St. Louis, the Federal Bureau of Investigation had under surveillance for some time and this culminated in a search warrant raid. The raid was joined in by the Sheriff and local police.

Sales transaction was interrupted at the time, with one Willie Kennel, the co-defendant in possession of a quantity of substance to be heroin and it is recommended to the court that a sentence be imposed of not less than five nor more than six. Co-defendant, Willie Kennel received five to 10 years and he had a previous conviction in this court. The State would move at this time for a sentence of 5 to 6.

The Court: Alright. It is hereby ordered that you be sentenced to not less than five years and not more than six years to the Illinois State Penitentiary at Menard, Illinois. You have a right to appeal this in 30 days.

Defense Counsel: Your honor, we would request to stay the mittimus for 30 days to allow time for the defendant to get his affairs in order.

The Court: Alright Mr. Constance, he may have until June 17, 1971. That's 30 days, he must be here on that date. Mittimus will be stayed until that date."

■■ A petition in a post-conviction proceeding must make a showing that the petitioner's constitutional rights have been violated, and it is not sufficient that there be a mere allegation arriving at the conclusion that such rights have been violated. *People v. Ashley*, 34 Ill.2d 402; 216 N.E.2d 126; *People v. Durham*, 10 Ill.App.3d 911, 295 N.E.2d 298.

In *People v. Reeves*, 50 Ill.2d 28, 276 N.E.2d 318, our supreme court stated in reference to the case of *Boykin v. Alabama*, 395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1709:

"* * * The constitutional requirement, both *pre* and *post Boykin*, is that a plea of guilty be 'intelligent and voluntary.' *Boykin* adds the requirement that if the guilty plea is to withstand appellate or post-conviction review 'the record must affirmatively disclose that the defendant who pleads guilty enters his plea understandingly and voluntarily.' (*Brady v. United States*, 397 U.S. 742, 747, footnote (4), 25 L.Ed.2d 747, 756, 90 S.Ct. 1463, 1468.) This requirement has been in effect in Illinois since 1948. See former Rule No. 27A, 400 Ill. 22."

In the case before us the record does not make the required disclosure.

The defendant was not advised by the court of his right to persist in his plea of not guilty, or of his right to be confronted with the witnesses against him and no determination was made as to whether or not any force or threats or any promises, apart from the plea agreement, was used to obtain the plea.

The statement of the State's Attorney indicates that a codefendant Kennel was guilty of a crime and that this defendant was "associated"

with Kennel. This is not a sufficient basis from which it can be determined that there is a factual basis for the plea.

The defendant was charged with the *sale* of a narcotic drug but pled guilty to the possession of a narcotic drug. There is no affirmative showing that defendant understood the nature of the charge of possession of a narcotic drug.

There was merely the statement of defense counsel:

> "He [defendant] advised me that he wishes to change his plea of not guilty which was entered at the time of arraignment and plead guilty to the reduced charge of Possession."

*People v. Reeves, supra,* requires that the record must affirmatively disclose that the plea was voluntary and understandingly made in either appellate or post-conviction review. The above statement by defense counsel is the only reference in the record to the charge of "Possession," and that does not affirmatively disclose that defendant understood the nature of the charge.

██ In view of the totality of these deficiencies, we hold that the guilty plea was not knowingly made.

A guilty plea that is not voluntary and knowing is violative of the due process clause. *McCarthy v. United States,* 394 U.S. 459, 22 L.Ed.2d 418, 89 S.Ct. 1166.

We therefore reverse the decision of the circuit court and remand with instructions that the defendant be allowed to plead anew.

G. MORAN, P. J., and EBERSPACHER, J., concur.