THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BENNY LEE WISE, Defendant-Appellant.

(No. 73-410;

Fifth District—February 25, 1975.

John O. Vogel, of Glen Ellyn, for appellant.

Howard L. Hood, State's Attorney, of Murphysboro (John T. Bowman and Gary T. Miller, Senior Law Students, of counsel), for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

On February 16, 1972, appellant Wise was indicted by the grand jury of Jackson County on two counts of armed robbery, two counts of aggravated battery and one count of aggravated kidnapping. Pursuant to plea negotiations, on February 28, 1972, the appellant pled guilty to aggravated kidnapping (count 5 of the indictment), and the remaining four counts were dismissed. Appellant was sentenced to a term of imprisonment of not less than 15 nor more than 25 years to be served concurrently with previous sentences imposed upon him by the Circuit Court of Williamson County and the Circuit Court of Union County. The appellant did not file a direct appeal from this conviction.

On October 9, 1973, appellant filed a post-conviction petition pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat. 1963, ch. 38, par. 122—1 *et seq.*, as amended to date), seeking a new trial on the ground that his constitutional rights were violated in the proceeding which resulted in his conviction. In particular, appellant alleged in his petition:

(a) that the trial court had permitted his attorney to enter a plea of guilty on his behalf without having personally requested him to enter a plea of guilty, in violation of Supreme Court Rule 402;

(b) that the only indication on the record that he had entered a plea of guilty was reflected by his informing the trial court that he desired that the trial court accept a written instrument as his "written plea" to the charges of count 5 of the indictment;

(c) that prior to accepting his plea, in violation of Rule 402(a) (2), the trial court had failed to advise him that consecutive sentences could be imposed since he had previously been convicted of rape in Williamson County on February 25, 1972;

(d) that prior to accepting his plea of guilty, in violation of Rule 402(a)(4), the trial court had failed to advise him that if he entered a plea of guilty there would be no trial; and

(e) that prior to accepting his plea of guilty, the trial court had failed to admonish him adequately of the penalty which could be imposed; that the trial court merely had advised him that the offense carried "an indeterminate term of a minimum of not less than two years imprisonment in the Illinois State Penitentiary, which means that any number of years can be assessed by the Court."

It should be noted that the record and transcript of the proceedings in support of these allegations were attached to the appellants' post-conviction petition in compliance with section 122—2 (Ill. Rev. Stat. 1963, ch. 38, par. 122—2, as amended).

On October 31, 1973, the State filed its motion to dismiss appellant's post-conviction petition on the ground that the allegations contained in such petition and the record itself revealed that appellant's post-conviction petition was nonmeritorious. The State took the position that the record of the proceedings of February 28, 1972, revealed that appellant had knowingly and voluntarily entered a plea of guilty to the offense charged in count 5 of the indictment. The trial court below sustained the State's position and ordered that the appellant's post-conviction petition be dismissed and that appellant be denied a hearing under the Post-Conviction Hearing Act. From such an order, appellant now brings this appeal.

■■ We disagree with the trial court's finding that appellant's post-conviction petition is nonmeritorious. Our concern on review is whether the appellant has alleged sufficient facts, borne out by the record and transcript of the conviction hearing, to require an evidentiary hearing on appellant's post-conviction petition in accordance with section 122—6. To determine this, we must look to the allegations contained in the post-conviction petition, construed liberally in favor of the appellant, and as set forth in light of the record and transcript of the conviction proceeding now before us. The function of pleadings under the Post-Conviction Hearing Act is to determine whether the petitioner is entitled to a *hearing;* it is not the intention or purpose of the Post-Conviction Hearing Act that constitutional claims be adjudicated on the pleadings. *People v. Clements,* 38 Ill.2d 213.

Section 122—1 provides that a person imprisoned in the penitentiary may institute a proceeding under the Post-Conviction Hearing Act by asserting "* * * that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the Constitution of the United States or of the State of Illinois or both * * *." In dismissing appellant's petition, the trial court held that the appellant's assertions in light of the record and transcript of the conviction proceedings did not reveal a "substantial denial" of appellant's constitutional rights. We disagree.

■■ Appellant's allegations in his petition—and the record and transcript—raise the question of whether appellant "intelligently and voluntarily" entered the plea of guilty to count 5 of the Indictment. Even the State acknowledged this question by asserting in paragraph two of its motion to dismiss that "the record reveals that the defendant was knowledgeable in the ways of court proceedings, was represented by counsel, and knowingly and voluntarily entered the plea on which his conviction stands * * *." Clearly, it is a federal constitutional requirement that the record show that the defendant enters a plea of guilty intelligently

and voluntarily. *Boykin v. Alabama,* 395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1709.

The thrust of appellant's assertions in his post-conviction petition focuses on the failure of the trial court, prior to accepting the plea, to admonish him with regard to the possibility of receiving consecutive sentences, and with regard to the possibility of the minimum and maximum sentence prescribed by law (violation of Supreme Court Rule 402(a)(2)), and the failure of the trial court to admonish him regarding the fact that there would be no trial if he entered a plea of guilty (violation of Rule 402(a)(4)). While the requirements of Rule 402 are not constitutionally mandated (*People v. Nardi,* 48 Ill.2d 111, 268 N.E.2d 389), nevertheless, the fundamental purpose behind Rule 402 is to *preserve a record* which reflects an intelligent and voluntary plea as required by due process of law. *People v. Reeves,* 50 Ill.2d 28.

■■ Regardless of how artfully or artlessly the post-conviction petition is drawn, once a petitioner raises the assertion in his post-conviction petition that the trial court failed to comply with Rule 402, the record and transcript of the conviction proceedings must be reviewed carefully to determine the extent of compliance with Rule 402. This the trial court below failed to do. A review of the record and transcript in this case reveals an almost wholesale disregard of the requirements of Rule 402 at the conviction proceeding.

We find, for example, that the trial judge did not determine whether any force, threats, or promises, apart from the plea agreement, were used to induce the appellant's plea, such determination being required by Supreme Court Rule 402(b). Determining personally from the defendant whether any force, threats or promises were made goes to the very heart of whether the plea was entered voluntarily.

The record also reflects that appellant was not admonished as to his right to plead not guilty as required by Rule 402(a)(3); appellant was told merely that he had a right to withdraw his guilty plea. When accompanied by other violations of Rule 402, the failure to admonish regarding the right to plead not guilty has been held fatal to the guilty plea. *People v. Avery,* 16 Ill.App.3d 986.

Again, we find appellant was not personally admonished that a guilty plea *waived* the right to trial by jury and the right to confront witnesses against him as required by Rule 402(a)(4). The record indicates that appellant was not advised that he had a right to jury trial and to confront witnesses against him. The mere signing of a printed form allegedly waiving these rights is not sufficient of itself to indicate that such a waiver was understandingly made (*People v. Paproth,* 18 Ill.App.3d 385) although, as the State points out in its brief, it may be a factor.

The record also reveals that the trial judge did not personally confirm the terms of the plea agreement with appellant as required by Rule 402(b); the State's attorney advised the trial court of the "subject and substance" of the negotiation and the trial judge asked the appellant's counsel and the appellant if they desired to add anything to the record, the appellant's counsel stating in effect that he had nothing to add to the record.

And finally, we find that the record indicates that the appellant was not admonished as to the nature of the charge as required by Rule 402(a)(1). While appellant was told of the offenses with which he was charged, and was furnished with a copy of the indictment, nevertheless the trial judge did not personally confirm that appellant understood the nature of the charge.

Certainly a violation of Rule 402 is not per se a substantial denial of a constitutional right, but when the violation is accompanied by a record which does not convince us that the plea was intelligently and voluntarily entered then the defendant's right to due process has been violated. In the instant case, there were six instances wherein Rule 402 was not complied with. The court in *People v. Meredith*, 21 Ill.App.3d 305, 308, stated:

> "In view of the totality of these deficiencies, we hold that the guilty plea was not knowingly made.
>
> A guilty plea that is not voluntary and knowing is violative of the due process clause."

We are mindful of the supreme court decisions in *People v. Krantz*, 58 Ill.2d 187, *People v. Ellis*, 59 Ill.2d 255, and *People v. Dudley*, 58 Ill.2d 57, wherein it is stated that there need be only substantial, not literal compliance with provisions of Rule 402. The supreme court also said that the entire record may be considered in determining whether or not there was an understanding by the accused of the nature of the charge. However, we believe that there was not substantial compliance with Supreme Court Rule 402, and this was determined upon a review of the entire record. Consequently, we reverse the trial court's order dismissing the appellant's post-conviction petition, and we return the case to the trial court of Jackson County for an evidentiary hearing.

Reversed and remanded.

EBERSPACHER and G. MORAN, JJ., concur.