The People of the State of Illinois, Plaintiff-Appellee, v. Clyde O. Wiser, Defendant-Appellant.

(No. 12493;

Fourth District—April 10, 1975.

John F. McNichols, J. Daniel Stewart, and Daniel D. Yuhas, all of State Appellate Defender's Office, of Springfield, for appellant.

Richard W. Leiken, State's Attorney, of Eureka (Kai A. Wallis, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

On August 1, 1972, defendant-appellant Clyde O. Wiser, pursuant to plea negotiations, entered his plea of guilty to the charge of theft over $150. He was sentenced to an indeterminate term of 2 to 10 years. There was no direct appeal from the conviction.

On October 23, 1973, a hearing was had on defendant's petition for

post-conviction relief which was denied. At the same time the trial judge denied defendant's motion for leave to amend the petition. The amendment alleged that the record demonstrated that no factual basis for the plea was established in contravention of the requirements of Supreme Court Rule 402(c) (Ill. Rev. Stat. 1971, ch. 110A, par. 402(c)), which provides:

"The court shall not enter final judgment on a plea of guilty without first determining that there is a factual basis for the plea."

The sole issue presented by this appeal is whether or not failure to comply with the above quoted requirement of the Rule raises an issue of constitutional dimensions.

■■ This issue was decided adversely to defendant's contentions in *People v. Nardi*, 48 Ill.2d 111, 116, 268 N.E.2d 389. In *Nardi* the court held that the requirements of Rule 402(c) are not constitutionally mandated. To the same effect see *People v. Holvey*, 17 Ill.App.3d 809, 308 N.E.2d 622; *People v. Gersbacher*, 4 Ill.App.3d 921, 282 N.E.2d 238.

■■ Since only constitutional errors may be raised in petitions seeking post-conviction relief (*People v. Cox*, 12 Ill.2d 265, 146 N.E.2d 19), the order of the trial court was correct and the judgment is affirmed. We overrule *People v. Miller*, 19 Ill.App.3d 864, 312 N.E.2d 352.

Judgment affirmed.

TRAPP, J., concurs.

Mr. JUSTICE CRAVEN, dissenting:

In my view, it is constitutionally impermissible to accept a plea of guilty without first ascertaining a factual basis for the plea. I adhere to the view set forth in *People v. Miller*, 19 Ill.App.3d 864, 312 N.E.2d 352.

I would further observe that the case of *People v. Nardi*, cited and relied upon in the majority opinion, expressly noted that there was no constitutional requirement nor statute or rule effective at the time the defendant there entered his plea of guilty which required the court to make an inquiry as to the factual basis for the plea. At the time of the plea in the instant case, the rule expressly so required. Accordingly, I dissent.