THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. JOHN JONES, Petitioner-Appellant.

First District (4th Division) No. 60496

Opinion filed March 10, 1976.

James J. Doherty, Public Defender, of Chicago (William D. Trude and Edmund B. Moran, Jr., Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Mary Ellen Dienes, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Petitioner appeals from an order dismissing his petition for relief under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1971, ch. 38, par. 122—1 *et seq.*) without an evidentiary hearing. He contends that a constitutional violation of due process resulted when the court accepted his plea of guilty to the charge of armed robbery without determining whether the plea was voluntary.

On September 14, 1972, petitioner pleaded guilty to the charge of armed robbery and was sentenced to a term of five years to five years and a day. Petitioner's privately retained counsel informed the court in petitioner's presence that he had had conversations with petitioner and petitioner's mother and brothers. Petitioner had advised counsel that he wished to enter a plea of guilty. The trial judge then questioned petitioner as to his understanding of the proceedings and informed him of his right to a jury trial, his right to confront witnesses against him, his right against self-incrimination, and his waiver of these rights if he were to plead guilty. The court then told petitioner the sentence it would impose should his plea of guilty be accepted. The trial judge said, "I wouldn't want you to plead guilty to any offense merely to receive a certain sentence if you were not in fact guilty." To each of the court's questions as to whether he understood his rights, whether he understood the consequence of his waiver of these rights, and whether he understood his sentencing, petitioner answered, "Yes."

The pro se post-conviction petition and the supplemental petition for post-conviction relief filed through appointed counsel essentially alleged that the court did not determine whether any force or threat or any promises, apart from the plea agreement, were used to obtain the plea.

The court, however, granted the State's motion to dismiss on the grounds that the guilty plea was in substantial compliance with Supreme Court Rule 402.

■■ The Federal Constitution requires that the record show the defendant to have entered a plea of guilty intelligently and voluntarily. (*Boykin v. Alabama* (1969), 395 U.S. 238, 23 L. Ed. 274, 89 S. Ct. 1709.) Subsequent to *Boykin* our supreme court enacted Supreme Court Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, par. 402) to preserve a record which reflects an intelligent and voluntary plea as required by due process of law. (*People v. Reeves* (1971), 50 Ill. 2d 28, 276 N.E.2d 318.) *Reeves*, however, found nothing in *Boykin* to require specific admonitions and waivers for a plea of guilty to be intelligently, understandingly, and voluntarily made. Furthermore, Rule 402 requires substantial, not literal compliance. *People v. Krantz* (1974), 58 Ill. 2d 187, 317 N.E.2d 559; *People v. Ellis* (1974), 59 Ill. 2d 255, 329 N.E.2d 15.

■■ Petitioner in the case at bar stood in open court and listened to his privately retained counsel inform the court of conversations with petitioner and his family and of petitioner's desire to plead guilty to the charge of armed robbery. Petitioner said he understood his right to a jury trial, his right to confront witnesses against him, and his right against self-incrimination. He said he understood the sentence he would receive. Only then did he plead guilty. We conclude that the voluntary and understanding nature of the plea is apparent from the whole record. The failure of the court to inquire specifically whether the plea was voluntary does not raise the issue to a constitutional level.

The trial court's dismissal of the petition for post-conviction relief is therefore affirmed.

Affirmed.

JOHNSON, P. J., and DIERINGER, J., concur.