THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* MICHAEL JAMES, Petitioner-Appellant.

First District (1st Division) No. 76-1358

Opinion filed August 8, 1977.

James J. Doherty, Public Defender, of Chicago (Robert P. Isaacson, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Iris Sholder, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Petitioner, Michael James, appeals from a judgment of the circuit court of Cook County dismissing his post-conviction petition without an evidentiary hearing. Petitioner contends that the trial court's alleged failure to fully comply with Supreme Court Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, par. 402) governing acceptance of guilty pleas, was a denial of due process and warranted relief under the Post-Conviction Hearing Act. Ill. Rev. Stat. 1973, ch. 38, par. 122—1 *et seq.*

Petitioner was indicted for murder. (Ill. Rev. Stat. 1969, ch. 38, par. 9— 1.) On February 2, 1971, he entered a plea of guilty to the charge and he was sentenced to a term of 14 to 21 years in the penitentiary. Petitioner did not seek a direct appeal. On March 21, 1974, petitioner filed a *pro se* post-conviction petition. The public defender of Cook County was appointed as counsel and filed a supplemental petition alleging, *inter alia,* various violations of Supreme Court Rule 402 occurred in acceptance of the guilty plea thereby negating the plea. The State moved to dismiss the supplemental petition on the ground that it failed to raise any constitutional issue, and its motion was sustained.

The transcript of petitioner's guilty plea hearing shows that his retained counsel informed the trial court that he had conferred with petitioner and ascertained the facts from him. The trial court fully explained the rights to a jury trial and to confront witnesses. The court also set forth the applicable sentences for the offense of murder. (Ill. Rev. Stat. 1969, ch. 38, par. 9—1(b).)* The court then advised petitioner that it had participated in a conference with respective counsel and had agreed to impose a specified sentence although petitioner indicated that he did not know the sentence agreed upon.

■■ It is well settled that evidentiary hearing under the Post-Conviction Hearing Act should be granted only if the post-conviction petition makes a substantial showing of a violation of constitutional rights. (*People v. Skorusa* (1973), 55 Ill. 2d 577, 304 N.E.2d 630.) *Boykin v. Alabama* (1969), 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709, sets forth the constitutional requirements for accepting guilty pleas in State court proceedings. In construing *Boykin* the Illinois Supreme Court in *People v. Reeves* (1971), 50 Ill. 2d 28, 29, 276 N.E.2d 318, stated:

"*Boykin* adds the requirement that if the guilty plea is to withstand

---

* The original transcript recites that the trial court advised petitioner that a sentence of not less than 4 years might be imposed. After the post-conviction petition was filed, the court reporter, who had recorded the guilty plea proceedings, testified that he had been mistaken in his transcription and a review of his notes demonstrated the court had informed defendant the minimum term was 14 years. This error is also substantiated by the court's subsequent statement to petitioner that the sentence could be for any term in excess of 14 years.

appellate or post-conviction review 'the record must affirmatively disclose that the defendant who pleads guilty enters his plea understandingly and voluntarily.' [Citations.]"

Petitioner contends that Supreme Court Rule 402 embodies these constitutional requirements and argues that numerous violations of this rule entitle him to relief in the present case. In claiming that his plea was involuntary petitioner maintains that his retained attorney told him that he would receive a 4- to 6-year sentence should he plead guilty. This would be clearly contrary to the law. (See Ill. Rev. Stat. 1969, ch. 38, par. 9—1(b).) The attorney submitted an affidavit, in which he stated that he had no independent recollection of the case, and that his files were destroyed or lost. However, the record reflects that the trial court properly advised petitioner that the minimum term for murder was 14 years. There had been a plea conference among both counsel and the trial court. But petitioner stated in open court that he did not know what penalty had been agreed upon in the conference. It is clear that by petitioner's statements he was not relying on any promises of a 4- to 6-year term.

Petitioner's further argument that the trial court did not properly admonish him that the offense of murder was punishable by a 14-year minimum term, stems from a reading of the uncorrected record. The supplemental record shows that the official court reporter mistakenly transcribed the proceedings in this regard.

Defendant contends that the absence of a factual basis for the plea requires reversal. Supreme Court Rule 402(c) (Ill. Rev. Stat. 1971, ch. 110A, par. 402(c)) requires that the trial court determine that a factual basis exists for the plea of guilty. In construing an analogous provision of Federal procedure pertaining to guilty pleas the United States Supreme Court said that such inquiry was designed to " 'protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge.' " *McCarthy v. United States* (1969), 394 U.S. 459, 467, 22 L. Ed. 2d 418, 426, 89 S. Ct. 1166.

The Illinois Supreme Court in *People v. Nardi* (1971), 48 Ill. 2d 111, 268 N.E.2d 389, stated that the requirements of Rule 402(c) are not constitutionally mandated. The *Nardi* case was decided on facts which predated the adoption of Supreme Court Rule 402(c). Cases decided after the enactment of that rule, which follow *Nardi*, have held that the absence of a showing of a factual basis for the plea does not of itself warrant post-conviction relief. (*People v. Pate* (2d Dist. 1975), 30 Ill. App. 3d 9, 331 N.E.2d 853; *People v. Wiser* (4th Dist. 1975), 27 Ill. App. 3d 208, 326 N.E.2d 198; *People v. Holvey* (3d Dist. 1974), 17 Ill. App. 3d 809, 308 N.E.2d 622; *People v. Barr* (1st Dist. 1973), 14 Ill. App. 3d 742, 303 N.E.2d

202, *aff'd sub nom. People v. Krantz* (1974), 58 Ill. 2d 187, 317 N.E.2d 559; but see *People v. Patterson* (1st Dist. 1975), 35 Ill. App. 3d 1, 340 N.E.2d 546.) These cases follow the proposition that the inquiry in a post-conviction proceeding must be limited to whether the plea was voluntarily and knowingly made. Rule 402(c) is an aid for the court to determine whether the plea is in fact voluntary. (*Cf. McCarthy v. United States.*) While a reviewing court might vacate a guilty plea on direct appeal for the trial court's failure to ascertain a factual basis for the plea, it does not follow that the same result be reached in a post-conviction appeal. *People v. Holvey.*

When the constitutional sufficiency of a guilty plea proceeding is in issue, the record must be read in a "practical and realistic" manner. (*People v. Barr.*) The record shows that defense counsel informed the court that he had conferred with petitioner, advised him of his rights and ascertained the facts of the case. The trial court determined that petitioner understood he could persist in his plea of not guilty. It informed petitioner that he was charged with murder and that by entering a plea of guilty he waived his right to a jury trial and his right to confront witnesses. The court advised him of the sentences which could be imposed. It also told petitioner that it had participated in the conference during which sentence recommendations were made. Petitioner has not alleged that he had a previous misapprehension of how his conduct constituted the offense charged and has not shown any prejudice resulting from the failure of the record to show a factual basis for the plea.

Petitioner further contends that he was prejudiced when the trial court failed to advise him of the nature of the charge. However he does not allege how he was prejudiced or does he now claim that he was not guilty. (See *People v. Robinson* (1976), 63 Ill. 2d 141, 146, 345 N.E.2d 465.) The trial court informed him of the charge by naming the offense. Petitioner was represented by counsel and their conference disclosed facts which resulted in a change of plea. Under the circumstances we are satisfied that petitioner understood the nature of the charge. See *People v. Robinson*

■■ Petitioner's last argument is that he was not admonished that he could persist in his plea of not guilty and, thus, assert his right against self-incrimination. The record shows the contrary. It is apparent from the entire record that the petitioner understood the nature of the charge against him and was properly admonished as to the consequences of his plea. He knowingly waived the constitutional rights associated with a trial. Considering the entire record we find that the plea was entered voluntarily and understandingly. *People v. Meredith* (1974), 21 Ill. App. 3d 305, 314 N.E.2d 612, cited by petitioner is distinguishable, because in that case the defendant was scarcely addressed by the trial court and the record did not demonstrate that the plea was entered knowingly.

The judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.

