# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Young*, 2013 IL App (4th) 120228

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL S. YOUNG, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-12-0228 |
| Filed | September 11, 2013 |
| Rehearing denied | November 5, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's convictions for three counts of aggravated criminal sexual abuse were upheld over his contentions that his right to be present during a "critical stage" of his trial was violated when the recordings of the victims' interviews were reviewed by the trial court outside defendant's presence and that his motion to suppress his confession was improperly denied because he invoked his right to counsel, since the court's review of the recordings was not a critical stage of defendant's trial, defendant was present at all critical stages, defense counsel waived any objection to the court's review of the recordings, and the record supported the trial court's findings that the statements defendant made at the time of his confession were merely musings about what would happen if he asked for an attorney and that he did waive his right to counsel rather than invoke that right. |
| Decision Under Review | Appeal from the Circuit Court of Livingston County, No. 10-CF-135; the Hon. Jennifer H. Bauknecht, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Michael J. Pelletier, Karen Munoz, and Duane E. Schuster, all of State Appellate Defender's Office, of Springfield, for appellant.

Seth Uphoff, State's Attorney, of Pontiac (Patrick Delfino, Robert J. Biderman, and Luke McNeill, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

PRESIDING JUSTICE STEIGMANN delivered the judgment of the court, with opinion.

Justices Pope and Holder White concurred in the judgment and opinion.

**OPINION**

¶ 1 Following a November 2011 bench trial, the trial court convicted defendant, Michael S. Young, on three counts of aggravated criminal sexual abuse (720 ILCS 5/12-16(c)(1)(i) (West 2010)). The court found that during three separate incidents, defendant caused two minor girls to rub their hands on his penis for the purpose of defendant's sexual gratification. For that conduct, the court sentenced defendant to eight years in prison.

¶ 2 Defendant appeals, arguing that the trial court (1) violated his constitutional right to be present during the critical stages of his trial when the court considered digital video disc (DVD) recordings of the victims' interviews outside of his presence and (2) erred by denying his motion to suppress his confession, given that he invoked his right to counsel. Because the record shows that defendant (1) was present at all critical stages of his trial and (2) waived his right to counsel, we affirm.

¶ 3                  I. BACKGROUND

¶ 4               A. The State's Charges

¶ 5 In June 2010, the State charged defendant with three counts of aggravated criminal sexual abuse (720 ILCS 5/12-16(c)(1)(i) (West 2010)). The State alleged that defendant–who was 30 years old at the time–(1) caused a seven-year-old girl to rub his penis for defendant's sexual gratification and (2) caused a nine-year-old girl to rub his penis on two separate occasions for defendant's sexual gratification.

¶ 6       B. The State's Section 115-10 Motion and the Subsequent Hearing

¶ 7 Defendant's case proceeded to an October 13, 2010, hearing on the State's motion to admit the child victims' out-of-court statements under section 115-10 of the Code of Criminal Procedure of 1963 (725 ILCS 5/115-10 (West 2010) (permitting hearsay statements

of a child victim under the age of 13 as substantive evidence in, among others, cases involving sex crimes)). Defendant was present at that hearing, and the State presented testimony from the children's mother and two other witnesses about the out-of-court statements. The State also submitted as exhibits (1) the DVD interviews of the children and (2) a written transcript of the content of the DVDs. Shortly thereafter, the State suggested that, due to time constraints, the court review the DVDs at its leisure. Turning to defense counsel, the court asked whether counsel wanted to "view the[ ] DVDs in open court or [whether] there [was] an objection if [the court] view[ed] them and [came] back for a ruling?" Defense counsel responded, as follows:

> "Your Honor, I would just like the opportunity to argue. [I]t does not matter when the Court reviews them. I'm not asking that they are reviewed right now. I just would like an opportunity to argue, and I can put it in writing or we can come after[ward]."

¶ 8    When defendant's section 115-10 hearing resumed on October 29, 2010, the State indicated that the child victims would be available to testify. After considering the evidence presented, including the DVDs–which the trial court had reviewed on its own–the court found the children's out-of-court statements admissible under section 115-10.

¶ 9    C. Defendant's Motion To Suppress His<br>Confession to Police and the Subsequent Hearing

¶ 10    In February 2011, defendant filed a motion to suppress his confession. At the April 2011 hearing on defendant's motion, the parties presented testimony from the investigating officer and defendant.

¶ 11    Sergeant Jeffrey Hamilton testified that he questioned defendant several days after the events that gave rise to the charges in this case. Hamilton explained that before doing so, he advised defendant of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), and defendant waived his right to have counsel present during questioning. Defendant also initialed and signed a written waiver of his *Miranda* rights. (That waiver was introduced into evidence at the hearing.) Hamilton said that defendant did not request to speak with a lawyer or to have a lawyer present for questioning.

¶ 12    Defendant testified that he did ask to speak to a lawyer. Defendant claimed that when he asked to speak to a lawyer, Hamilton replied that he would consider that "being uncooperative with the State." Defendant said that when Hamilton continued to interrogate him, he was left with the impression that he could not ask for a lawyer after that point.

¶ 13    Hamilton's report, which included defendant's confession and was admitted into evidence, stated, in part, as follows:

> "[Defendant] asked if it would be considered uncooperative if he would want to continue this with his attorney present. I explained to him that once he steps off the path of cooperation I can no longer help him. [Defendant] said that is understandable. [Defendant] said what he was asking if that would be considered not being cooperative. I told him I could not say that without contacting the State's Attorney's office. I advised him that the State's Attorney's office and his kids want the truth."

¶ 14    On this evidence, the trial court denied defendant's motion to suppress his confession, finding, as follows:

"The Defendant [has] a reason to lie. He is facing some pretty serious charges, is aware at the time that he's testifying that there's no DVD that's going to be able to corroborate one way or the other the statements, the request for an attorney whether it was made or not made.

The Defendant's recollection of the interview was pretty vague except when he wanted to point fingers at what *** Hamilton apparently allegedly did wrong. I'm not quite frankly convinced that the Defendant saying I would like to speak to an attorney alone and then continuing to answer questions is sufficient to invoke *Miranda*. I believe there's cases out there that suggest that there has to be something more than just a mere statement. There has to be something in addition to that. I'm pretty sure that that's the case. But even so, I'm not convinced that the Defendant even asked for an attorney.

I don't find the Defendant to be as credible of a witness as *** Hamilton for the reasons I think I've already set forth. The Defendant does have reasons to lie. The Defendant is facing some pretty serious charges here. *** [T]here is absolutely nothing in th[e] report suggesting that the Defendant asked for an attorney.

So I find *** Hamilton's testimony to be more credible than that of the Defendant's on the issue of whether or not the Defendant asked for an attorney; and as a matter of fact, I find that the Defendant did not ask for an attorney during the interview process."

¶ 15            D. Defendant's Trial and Subsequent Sentence

¶ 16    Following a November 2011 bench trial, the trial court convicted defendant on all three counts of aggravated criminal sexual abuse (720 ILCS 5/12-16(c)(1)(i) (West 2010)). The court thereafter sentenced defendant to eight years in prison on each count and ordered those sentences to run concurrently.

¶ 17    This appeal followed.

¶ 18                            II. ANALYSIS

¶ 19    Defendant argues that the trial court (1) violated his constitutional right to be present during the critical stages of his trial when the court considered the DVD recordings of the victims' interviews outside of his presence and (2) erred by denying his motion to suppress his confession, given that he invoked his right to counsel. We address defendant's contentions in turn.

¶ 20            A. Defendant's Claim Related to the DVD Recordings
                        of the Victims' Interviews

¶ 21    Defendant first contends that the trial court violated his constitutional right to be present during the critical stages of his trial when the court considered the DVD recordings of the victims' interviews outside of his presence. We disagree.

¶ 22　　　Initially, we note that defendant affirmatively waived any challenge to the trial court viewing the DVDs outside of his presence. *People v. Dunlap*, 2013 IL App (4th) 110892, ¶ 12 ("When *** defense counsel affirmatively acquiesces to actions taken by the trial court, a defendant's only challenge may be presented as a claim for ineffective assistance of counsel on collateral attack."). Apparently, defendant's position is that we should review his contention because defense counsel could not waive his right to be present at such a critical stage of his trial. Because, as we will explain, the trial court's viewing of the DVDs was not a "critical stage" of defendant's trial, we conclude that (1) defendant has affirmatively waived his claim that the court erred by reviewing the DVDs outside of his presence and (2) we need not review that claim further. See *Dunlap*, 2013 IL App (4th) 110892, ¶ 12 (plain error does not apply to issues that have been affirmatively waived).

¶ 23　　　A criminal defendant has a right to be present at every critical stage of his trial. More specifically, a defendant has a "right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." *People v. Lofton*, 194 Ill. 2d 40, 67, 740 N.E.2d 782, 797 (2000) (citing *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987), and *Snyder v. Massachusetts*, 291 U.S. 97, 105-06 (1934)). However, a defendant's presence is not required " 'when presence would be useless, or the benefit but a shadow.' " *Lofton*, 194 Ill. 2d at 67, 740 N.E.2d at 797 (quoting *Snyder*, 291 U.S. at 106-07). The touchstone of this analysis is "whether the defendant's presence at the proceeding would have contributed to his opportunity to defend himself against the charges." *Id.*, 740 N.E.2d at 798. Whether a stage of trial is a "critical stage" is a question of law that we review *de novo*. See *id.* (determining whether a section 115-10 hearing was a "critical stage" by reviewing "[t]he justice or injustice of the exclusion of the defendant *** in the light of the whole record").

¶ 24　　　Here, no question exists that the section 115-10 hearing was a critical stage and that defendant had a right to attend that hearing in person. See *Lofton*, 194 Ill. 2d at 67, 740 N.E.2d at 797 (holding that a section 115-10 hearing was a "critical stage"). The record shows, and defendant concedes, that he attended the section 115-10 hearing in this case. Defendant's claim is that he was entitled to be present when the trial court viewed the DVDs of the victims' statements. The problem with defendant's position in this regard is that his presence during the viewing of those DVDs would have been useless because defendant's presence would not have contributed to his opportunity to defend himself against the charges. Defendant was present for the proceedings leading up to the review of the DVDs and was later present for his counsel's arguments related to whether the statements from those DVDs should be admitted. Defendant's not being present while the court watched and listened to those DVDs did not amount to an absence from a critical stage of the proceedings. In short, the court's watching and listening to the DVDs was not a "critical stage" of defendant's trial. The critical stage here was the portion of the section 115-10 hearing that provided defendant the opportunity to defend his position that the statements from those DVDs were inadmissible. See *People v. Stroud*, 208 Ill. 2d 398, 405, 804 N.E.2d 510, 514 (2004) (concluding that even when a defendant has the right to be present because the proceeding is a "critical stage," a defendant's absence is not a *per se* constitutional violation–indeed, a defendant's absence from such a proceeding will violate his constitutional rights " 'only if

the record demonstrates that defendant's absence caused the proceeding to be unfair or if his absence resulted in a denial of an underlying substantial right' " (quoting *People v. Lindsey*, 201 Ill. 2d 45, 57, 772 N.E.2d 1268, 1276-77 (2002))). The record in this case clearly shows that defendant was present during the vital, or "critical," portion of the hearing.

¶ 25 Because the trial court's viewing of the DVDs did not constitute a "critical stage" of defendant's trial, we conclude that defendant has affirmatively waived his claim that the court erred by reviewing the DVDs outside of his presence. Counsel's waiver is effective, of course, because it did not involve a waiver a fundamental right. The United States Supreme Court, in a case involving defense counsel's consenting to a magistrate judge presiding over jury selection, explained that a defendant is bound by his attorney's waiver, as follows:

" 'What suffices for waiver depends on the nature of the right at issue. "[W]hether the defendant must participate personally in the waiver; whether certain procedures are required for waiver; and whether the defendant's choice must be particularly informed or voluntary, all depend on the right at stake." *United States v. Olano*, 507 U.S. 725, 733 (1993). For certain fundamental rights, the defendant must personally make an informed waiver. See, *e.g.*, *Johnson v. Zerbst*, 304 U.S. 458, 464-465 (1938) (right to counsel); *Brookhart v. Janis*, 384 U.S. 1, 7-8 (1966) (right to plead not guilty). For other rights, however, waiver may be effected by action of counsel. "Although there are basic rights that the attorney cannot waive without the fully informed and publicly acknowledged consent of the client, the lawyer has–and must have–full authority to manage the conduct of the trial." *Taylor v. Illinois*, 484 U.S. 400, 417-418 (1988). As to many decisions pertaining to the conduct of the trial, the defendant is "deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.' " *Link v. Wabash R. Co.*, 370 U.S. 626, 634 (1962) (quoting *Smith v. Ayer*, 101 U.S. 320, 326 (1880)). Thus, decisions by counsel are generally given effect as to what arguments to pursue, see *Jones v. Barnes*, 463 U.S. 745, 751 (1983), what evidentiary objections to raise, see *Henry v. Mississippi*, 379 U.S. 443, 451 (1965), and what agreements to conclude regarding the admission of evidence, see *United States v. McGill*, 11 F. 3d 223, 226-227 (CA 1 1993). Absent a demonstration of ineffectiveness, counsel's word on such matters is the last.' *Ibid.*" *Gonzalez v. United States*, 553 U.S. 242, 248-49 (2008) (quoting *New York v. Hill*, 528 U.S. 110, 114-15 (2000)).

¶ 26 Having concluded that (1) defendant personally appeared at all critical stages of his trial and (2) he is bound by his counsel's decision to waive any objection to the trial court's viewing the DVDs outside of defendant's presence, we turn to defendant's claim that the court erred by denying his motion to suppress his confession.

¶ 27 B. Defendant's Claim That the Trial Court Erred by
Denying His Motion To Suppress His Confession

¶ 28 Defendant next contends that the trial court erred by denying his motion to suppress his confession, given that he invoked his right to counsel. Defendant posits that the court's

factual finding that defendant did not request counsel was incorrect as a matter of law. We disagree.

¶ 29                               1. *The Standard of Review*

¶ 30    When reviewing a trial court's ruling on a motion to suppress, we employ a bifurcated standard of review, "reviewing a trial court's factual findings under a manifest weight of the evidence standard of review but applying a *de novo* standard of review to the ultimate question whether the evidence should be suppressed." *People v. Harper*, 2012 IL App (4th) 110880, ¶ 22, 969 N.E.2d 573.

¶ 31                           2. *The Trial Court's Factual Findings*

¶ 32    Here, Hamilton testified that defendant did not request to speak with a lawyer or to have a lawyer present for questioning. Defendant testified that he did ask to speak to a lawyer. Hamilton's report indicated that defendant asked whether "it would be considered uncooperative if he would want to continue this with his attorney present." The report showed that Hamilton replied by explaining to defendant that "once he steps off the path of cooperation [Hamilton could] no longer help him" and that defendant said that he understood that. The report further showed that defendant said that he was asking if invoking his right to counsel would be considered "not being cooperative" and that Hamilton told him that "he could not say that without contacting the State's Attorney's office." On this evidence, the trial court specifically found Hamilton credible.

¶ 33    A reasonable reading of the trial court's ruling indicates that the court found (1) defendant's statements merely reflected defendant's musings about what would happen if he were to invoke his right to counsel and (2) those musings were insufficient to invoke his right to counsel. Our review of the record reveals that the trial court's findings in that regard were not against the manifest weight of the evidence. See *In re Guardianship of K.R.J.*, 405 Ill. App. 3d 527, 536, 942 N.E.2d 598, 605 (2010) (A finding of fact is only against the manifest weight of the evidence when, " 'upon review of all the evidence in the light most favorable to the prevailing party, an opposite conclusion is clearly apparent or the fact finder's finding is palpably erroneous and wholly unwarranted, is clearly the result of passion or prejudice, or appears to be arbitrary and unsubstantiated by the evidence.' " (quoting *Joel R. v. Board of Education of Mannheim School District 83*, 292 Ill. App. 3d 607, 613, 686 N.E.2d 650, 655 (1997)).

¶ 34                           3. *The Ultimate Question of Suppression*

¶ 35    Having concluded that the trial court's finding that defendant's musings about what would happen if he invoked his right to counsel was not against the manifest weight of the evidence, the ultimate question of whether the trial court erred by denying defendant's motion to suppress is an easy one to answer. It did not.

¶ 36    Here, Hamilton provided defendant *Miranda* warnings, defendant did not verbally invoke his right to counsel, and defendant signed a written waiver. This is sufficient to support a

valid *Miranda* waiver. Accordingly, we conclude that the trial court did not err by denying defendant's motion to suppress his post-*Miranda* confession.

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment. As part of our judgment, we award the State its $50 statutory assessment as costs of this appeal.

Affirmed.