NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 190837-U

NO. 4-19-0837

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 7, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| RALPH C. GRAY, | ) | No. 12CF135 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas J. Difanis, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Justices Harris and Holder White concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant waived any challenge to his sentence, other than a jurisdictional challenge, by knowingly and voluntarily pleading guilty pursuant to a plea agreement. As well, defendant failed to allege the gist of any constitutional claim that his attorney's sentencing argument constituted ineffective assistance of counsel, or that the sentence was illegally imposed for lack of a factual basis. Thus, the trial court's summary dismissal of defendant's postconviction petition was appropriate.

¶ 2    On December 12, 2012, defendant, Ralph C. Gray, pleaded guilty to aggravated kidnapping (720 ILCS 5/10-2(a)(3) (West 2012)), a Class X felony, pursuant to a negotiated disposition. At the time of the offense, defendant was 17 years old. The trial court sentenced defendant to 20 years of incarceration. Defendant did not file a posttrial motion or a direct appeal. On November 4, 2019, defendant filed a *pro se* postconviction petition, which the court summarily dismissed at the first stage as frivolous and without merit. Defendant appeals that dismissal, submitting his postconviction petition stated the gist of various constitutional claims, including

that his guilty plea was obtained under the threat of a now unconstitutional *de facto* life sentence and that the 20-year sentence was unconstitutional as he was 17 years old at the time of the offense. Defendant contends the court should have conducted further proceedings on his postconviction petition. Because defendant plead guilty and did not allege any misconduct jeopardizing the voluntary and knowing nature of his plea or any jurisdictional deficiency, and otherwise failed to state the gist of any other constitutional claim, we affirm.

¶ 3                                I. BACKGROUND

¶ 4         In the latter half of 2001, when defendant was 17 years old, he and two others physically attacked an Australian researcher who was visiting Champaign, Illinois. After the initial attack, defendant and the others forced the victim into their vehicle and drove to a rural location. They repeatedly beat the victim until he lost consciousness, robbed him, and stripped off his clothes. Eventually, they dumped him in a farm field. They broke the victim's nose, an eye socket, vertebrae, nine teeth, and caused a brain hemorrhage. Defendant had approximately three weeks earlier been released from the custody of the Department of Juvenile Justice for robbing a couple who had offered him a ride so he did not have to walk in below-freezing weather.

¶ 5         The State charged defendant with aggravated kidnapping (720 ILCS 5/10-2(a)(3) (West 2012)) and robbery (720 ILCS 5/18-1 (West 2012)). On December 12, 2012, defendant pleaded guilty to aggravated kidnapping, and the State dismissed the robbery count, pursuant to a plea agreement whereby the State agreed to seek no more than a 20-year sentence. The trial court sentenced defendant to 20 years in prison, plus 3 years of mandatory supervised release. Defendant did not file a motion seeking to withdraw his guilty plea or seeking other relief, and did not take a direct appeal.

¶ 6　　　　　On November 4, 2019, defendant filed a *pro* se postconviction petition which alleged (1) his plea with a negotiated cap of 20 years violated due process because he entered into the plea due to threats of a now unconstitutional *de facto* life sentence of 60 years; (2) his plea violated due process because the court accepted it without a factual basis, his attorney having stipulated to the factual basis in a codefendant's case; (3) his counsel was ineffective at sentencing because the attorney contradicted the mitigating evidence and did not ask for anything less than the 20-year cap the parties agreed to; and (4) the 20-year sentence violated the eighth amendment and the proportionate penalties clause of the Illinois Constitution because the trial court did not account for defendant's youth and rehabilitative potential.

¶ 7　　　　　On November 8, 2019, the trial court summarily dismissed defendant's petition in a written order. The court found (1) the petition was "frivolous" and "patently without merit"; (2) the State had indicated it would seek a jury instruction at trial on the "heinous and brutal behavior indicative of wanton cruelty" and that the trier of fact could have made such a determination based on the facts; and (3) that the 20-year cap and sentence was an "excellent disposition" and defense counsel "did the best he could" given the "overwhelming evidence" of defendant's "depravity."

¶ 8　　　　　From the order summarily dismissing the postconviction conviction, defendant appealed.

¶ 9　　　　　　　　　　　　　　　II. ANALYSIS

¶ 10　　　　　A. Review of Summary Dismissals and Standard of Review

¶ 11　　　　　The trial court at the first stage of a postconviction proceeding must review the defendant's petition and dismiss the petition if the court determines it is frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2018). Because most often the petition is *pro se*,

the burden on the defendant is lower in order to give an indigent defendant a meaningful opportunity to present the claims. *People v. Porter*, 122 Ill. 2d 64, 73 (1988). A defendant does not have to cite any authority or construct a legal argument. *Id.* Construed liberally, the defendant's petition must only state the "gist" of a constitutional claim to avoid dismissal at the first stage. *People v. Edwards*, 197 Ill. 2d 239, 244 (2001) (quoting *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996)). This standard presents a "low threshold," requiring only "a limited amount of detail." *Gaultney*, 174 Ill. 2d at 418. The defendant is not required to flesh the claim out "in its entirety." *Edwards*, 197 Ill. 2d at 244. Further, forfeiture of a defendant's claims not raised on a direct appeal does not apply if the claims are based on errors outside the record. *People v. Blair*, 215 Ill. 2d 427, 451 (2005).

¶ 12    We review a dismissal of a postconviction petition at the first stage *de novo*. *Edwards*, 197 Ill. 2d at 247.

¶ 13    B. Defendant's Claims Based on His Age at the Time of the Offense

Were Waived by His Guilty Plea

¶ 14    Defendant alleges on appeal the allegations in his postconviction petition satisfied the first-stage pleading requirements in several manners. We are first concerned with the contentions that the guilty plea violated due process because it resulted from the threat of what is now an unconstitutional *de facto* life sentence, and that the 20-year sentence is unconstitutional because the trial court failed to adequately consider defendant's youthful characteristics. Defendant alleged (1) that his attorney and the trial court "threatened" him with a possible sentence of 60 years; (2) that such a sentence was a *de facto* life sentence, and he was 17 years old at the time of the offense; and (3) that the threat and ensuing sentence violated the eighth amendment as cruel and unusual punishment of a juvenile offender. Construed liberally, defendant alleged his

- 4 -

guilty plea under the threat of a now unconstitutional sentence, if imposed without consideration of his youth, and the resulting 20-year sentence for an offense committed when he was 17 years old, both violated the dictates of *Miller v. Alabama*, 567 U.S. 460 (2012) and *People v. Buffer*, 2019 IL 122327.

¶ 15 For the purposes herein, we need only briefly review the jurisprudence relating to juvenile sentences as it has developed. *Miller* provided that when imposed on a juvenile offender, mandatory sentences of lifetime incarceration, without the possibility of supervised release, violate the eighth amendment of the United States Constitution. 567 U.S. at 470. The court noted the ruling only requires the sentencing court to follow a prescribed process which considers a juvenile's youth and the characteristics associated with such youth prior to imposing sentence. *Id.* at 483. The court later held *Miller* applies retroactively. *Montgomery v. Louisiana*, 577 U.S. 190 (2016).

¶ 16 Our supreme court subsequently expanded *Miller*'s application to include mandatory *de facto* life sentences of juveniles. *People v. Reyes*, 2016 IL 119271, ¶ 9. The court then expanded the *Miller*'s reasoning to discretionary life sentences. *People v. Holman*, 2017 IL 120655, ¶ 40.

¶ 17 Our supreme court subsequently held that for a juvenile offender to prevail on an eighth amendment claim as above, the defendant must demonstrate (1) that the defendant was subject to a *de facto* or natural, mandatory, or discretionary life sentence and (2) the sentencer did not consider the offender's youth and youthful characteristics. *Buffer*, 2019 IL 122327, ¶ 27. The court also held a *de facto* life sentence is one in excess of 40 years. *Id.* ¶ 42.

¶ 18 Thus, it was sufficient to allege the gist of a constitutional violation, at the first stage of a postconviction proceeding, if an offender who was a juvenile at the time of the offense

urged the guilty plea was secured under the threat of a *de facto* life sentence if *Miller*'s dictates were not considered by the sentencing court prior to accepting the plea. *People v. Robinson*, 2021 IL App (1st) 181653, ¶ 32. Robinson was 17 years old at the time of the murder to which he plead guilty, pursuant to a negotiated plea for a 35-year sentence. *Id.* ¶¶ 3, 6. He was advised by the sentencing court the range for murder was 20 to 60 years at his plea hearing. *Id.* ¶ 8. The offender did not file a motion to withdraw his guilty plea, but did seek postconviction relief alleging the court's failure to consider the *Miller* factors before imposing a *de facto* life sentence. *Id.* ¶ 9-10. The trial court dismissed the postconviction petition at the first stage, noting the petition did not allege a constitutional claim. *Id.* ¶ 12. The appellate court concluded the defendant's allegation that the plea was obtained under threat of a *de facto* life sentence and that the sentencing court did not consider the *Miller* factors articulated a claim that was arguably constitutional. *Id.* ¶ 34. Therefore, the offender stated the gist of a claim sufficient to survive first-stage dismissal of his postconviction petition. *Id.* ¶ 36.

¶ 19        Most recently, however, our supreme court, in considering a petition to file a successive postconviction petition to challenge a fully negotiated 50-year sentence of a juvenile offender, concluded that a knowing and voluntary guilty plea waives all non-jurisdictional errors, including constitutional challenges, and specifically those due to subsequent changes in the law. *People v. Jones*, 2021 IL 126432, ¶¶ 20, 26. Such a plea is not unknowing or involuntary simply because the law at the time of sentencing is later determined to be illegal, unless the State engaged in misrepresentation or other wrongful conduct. *Id.* ¶ 23. Further, the exercise of discretion, that a successful *Miller* claim requires a petitioner to demonstrate was lacking at sentencing, is satisfied by the trial court having the option to accept or reject a plea agreement. *Id.* ¶ 27. Thus, the supreme court held the protections of *Miller* and its progeny apply to juveniles "only when a trial court

lacks, or refuses to use, discretion in sentencing a juvenile offender to a life, or *de facto* life, sentence." *Id.* ¶ 28. The trial court's refusal to permit the petitioner to file a successive postconviction petition was proper, as the petitioner had no valid constitutional claims pursuant to *Miller*. *Id.* We find *Jones* dispositive.

¶ 20 Because defendant herein knowingly and voluntarily plead guilty pursuant to a plea agreement and understood the trial court's sentencing options as they then existed, he waived any challenge to his 20-year sentence imposed prior to *Miller*. Defendant does not allege any shortcoming relating to the court's jurisdiction, or any misrepresentation or malfeasance by the State in securing defendant's plea. Defendant's 20-year sentence is neither a life sentence, nor a *de facto* life sentence. Defendant received the benefit of his bargain, as the State recommended a 20-year sentence pursuant to its agreement to request no more than 20 years. Finally, the court exercised discretion in imposing sentence because it had the ability to either accept or reject the recommendations of the parties and was not required to impose the 20-year sentence.

¶ 21 Thus, defendant's postconviction petition does not state the gist of a constitutional claim that the sentencing court violated the dictates of *Miller* and *Buffer*. As to defendant's claims based on his age at the time of the offense, the court did not commit error by summarily dismissing those.

¶ 22 C. No Ineffective Assistance of Counsel at Sentencing

¶ 23 Defendant argues he received ineffective assistance of his attorney at the sentencing hearing because his attorney "completely failed" to seek a sentence below the 20-year cap, argued defendant should receive a 20-year sentence, and presented no argument or evidence in mitigation.

¶ 24 At the outset we note that defendant's factual assertions are not accurate. His counsel did in fact argue for "a sentence less than the suggested sentence of the people." Thus, his

counsel did not fail, let alone completely fail, to seek a sentence less than the one recommended by the State. Likewise, his attorney did not agree or advocate defendant receive the term suggested by the State. As well, defendant's attorney introduced letters from others in mitigation, and argued mitigating factors.

¶ 25    It is generally within the purview of defense counsel to determine what arguments to make, as well as agreements pertaining to the admission of evidence, absent ineffectiveness. *People v. Young*, 2013 IL App (4th) 120228, ¶ 25. Defendant's complaints regard the way his attorney approached his sentencing argument. Those decisions were for his attorney to make. *Id.*

¶ 26    Assuming *arguendo*, defendant's attorney did any of the things defendant claims he did, or did not as the case may be, we can dispose of the ineffective assistance of counsel claim by directly considering whether defendant suffered any prejudice. *People v. Hale*, 2013 IL 113140, ¶¶ 17-18. The trial court noted it considered the presentence report, the documents defendant presented, comments of both parties, and the statutory factors. The court also noted there was mitigation in the record including defendant's age, that defendant plead guilty, and that defendant had obtained his GED. Thus, the court was aware of the existence of mitigating factors, and we cannot say there is a reasonable probability that had counsel argued any differently it would have changed the outcome. Therefore, we find that defendant did not allege the gist of an ineffective assistance of counsel claim based on how his attorney handled sentencing.

¶ 27    D. There Is No Error Relating to the Factual Basis for the Plea

¶ 28    Defendant asserts error because the record does not demonstrate that he was present when the court was presented with the factual basis for the plea, and the record does not reflect the factual basis. Defendant claims this violates Illinois Supreme Court Rule 402(c) (eff. July 1, 2012). However, all Rule 402(c) requires is that the court determine there is a factual basis for the plea.

At the plea hearing, the parties agreed, upon inquiry by the court, that the factual basis utilized at the plea hearing of a codefendant, apparently shortly before defendant's plea hearing, was the same factual basis supporting defendant's plea. Thus, the trial court determined there was a factual basis for the plea.

¶ 29       Defendant provides no authority for the propositions that he had the right to be present for the recitation of the factual basis, that such basis itself must be on the record, or that the process utilized by the court was not proper. Several of the cases defendant cites in fact are helpful to our analysis. One of these notes "that the absence of a showing of a factual basis for the plea does not of itself warrant post-conviction relief." *People v. James*, 51 Ill. App. 3d 541, 543 (1977). Instead, the existence of a factual basis relates generally to whether the plea was knowing and voluntary, and to that end the record must be read realistically. *Id.* at 544. Additionally, the trial court fulfills the requirement of Rule 402(c) "if there is a basis anywhere in the record up to the entry of the final judgment from which the judge could reasonably reach the conclusion that the defendant actually committed the acts with the intent (if any) required to constitute the offense to which he is pleading guilty." *People v. Vinson*, 287 Ill. App. 3d 819, 821 (1997). As noted, the record demonstrates the court did determine there was a factual basis with which the court was familiar from a codefendant's case. More importantly, other than the *Miller* issues disposed of above, defendant does not claim the plea was not knowing or voluntary, and there is no suggestion that defendant did not understand what conduct was the basis for his plea. Defendant, therefore, fails to state the gist of a claim sufficient to survive summary dismissal.

¶ 30                                III. CONCLUSION

¶ 31       For the foregoing reasons, we affirm the circuit court's judgment summarily dismissing defendant's postconviction petition.

¶ 32          Affirmed.